**Maria JOCSON, M.D., et al.**

v.

**Joe CRABB.**

**No. 03–0163.**

Supreme Court of Texas.

Feb. 13, 2004.

Jimmy Williamson, Williamson & Sears, Houston, for Adrienne Draper, David Draper, Leila Draper.

Barbara A. Hilburn, Hilburn Shorest & Sherer, Houston, for John F. Irwin, M.D.

James B. Edwards, Edwards and Associates, Stafford, for John B. Ross, M.D.

Katherine D. Mackillop, Charles Brown, Fulbright & Jaworski L.L.P., Houston, for Maria Jocson, M.D.

Richard A. Sheehy, Sheehy Serpe & Ware, P.C., Houston, for Woman's Hospital of Texas, Inc.

David W. Holman, Robert Alan York, Holman & Keeling, P.C., Houston, for respondent.

PER CURIAM.

In this health care claim, we decide whether defendants Texas Woman's Hospital of Texas and Dr. Maria Jocson waived objections to the ad litem fees awarded by the trial court. The court of appeals held they did by (1) failing to obtain a ruling on objections they lodged

to the ad litem's attendance at several depositions, and (2) failing to introduce the ad litem's files. 98 S.W.3d 273, 278–79. We hold that objections to ad litem fees are timely if raised at the post-trial fee hearing and that introduction of the ad litem's entire file was unnecessary to preserve the fee objection raised here. Accordingly, we reverse the court of appeals' judgment and remand the case to that court to consider the merits of the defendants' appeal.

Adrienne and David Draper, individually and as next of friend of their daughter Leila, brought suit against the defendants for injuries Leila allegedly sustained during birth. The trial court appointed Joe Crabb as Leila's guardian ad litem. According to his bill, the ad litem attended more than fifty depositions taken in the case. The defendants objected to the ad litem's attendance at several depositions because there was no conflict between the parents and the child.

The parties eventually settled the health care claim, as a part of which the defendants agreed to pay a reasonable ad litem fee. At the fee hearing, the ad litem submitted a forty-seven page invoice itemizing approximately 1053 entries, reflecting 585.75 hours of work billed at $200 per hour for a total of $117,150. The invoice included $5,250 for reviewing 105 deposition notices, $19,000 for reviewing 378 letters, and $35,900 for attending depositions. During the hearing, the Hospital and Dr. Jocson renewed their objections and argued the fees were excessive. The trial court overruled the objections and awarded all fees the ad litem requested.

■■■ When the defendants appealed the award, the court of appeals affirmed, holding first that the defendants waived their objections to the ad litem's attendance at depositions by failing to obtain a ruling during the course of discovery. We

disagree. The general rule for deposition objections provides "the failure of a party to obtain a ruling prior to trial does not waive any objection or privilege." Tex.R. Civ. P. 199.6. While the parties would be wise to seek direction from the court when they disagree about an ad litem's role, it could be expensive and disruptive if they had to pursue every disagreement to a hearing throughout the pretrial process. The final fee hearing is an appropriate forum to assert any objections to the fee request and obtain a ruling. *See Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex.1987) (holding defendant waived objection to ad litem fee by failing to object at fee hearing). We conclude that under the facts here the Hospital and Dr. Jocson properly preserved their objections for appellate review.

The defendants also objected to the fees awarded to the ad litem for reviewing notices, letters, and other documents in the case. The defendants subpoenaed the ad litem's files, but he refused to produce them on the basis that he was not relying on any documents in his fee request other than his invoice. As a result, when the ad litem was asked at the fee hearing to justify nine hours billed on one day for reviewing thirty-six pieces of paper, he could not identify what those documents were. He admitted it was his standard practice to bill one-quarter of an hour for each document he reviewed, even if it was only a notice of a deposition, a certificate from a court reporter, or a letter containing a single sentence.

■■■ The court of appeals again found waiver, this time because the defendants failed to obtain a ruling on their subpoena of the ad litem's records. Again, we disagree. The defendants tendered some of the documents involved, and the invoice indicates the nature of many others. Further, the defendants' primary objection

was that no conflict ever existed between the parents and the child in this case and thus it was unnecessary for the ad litem to be involved in the day-to-day correspondence. "A guardian ad litem is not an attorney for the child but an officer appointed by the court to assist in properly protecting the child's interests.... The guardian ad litem is required to participate in the case to the extent necessary to protect the minor." *Am. Gen. Fire & Cas. Co. v. Vandewater*, 907 S.W.2d 491, 493 n. 2 (Tex.1995) (citations omitted).

When a party objects that an ad litem has gone beyond the bounds of his duties, we hesitate to find waiver because each line item was not attacked in detail. The trial court concluded here that "[t]here's no way that [the ad litem] would know what the conflict is unless he was aware of what was going on at all times in this case." We hold the court of appeals erred in failing to review that conclusion.

Accordingly, without hearing oral argument, we reverse the court of appeals' judgment and remand this case to that court to address the merits of the defendants' objections to the trial court's ad litem fee award. TEX.R.APP. P. 59.1.