Opinion issued May 25, 2006
 







  

 




In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-01-01242-CV
 

 
 
MARIA JOCSON, M.D. AND WOMAN’S 
HOSPITAL OF TEXAS, INC., Appellants
 
V.
 
JOE CRABB, Appellee
 

 
 
On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 98-20396
 

 
 
OPINION ON REHEARING
          Joe Crabb, appellee, filed a motion for rehearing. We deny the motion. 
However, we withdraw our opinion of October 13, 2005 and issue the following
opinion in its stead. 
          After a confidential settlement, the trial court awarded Joe Crabb $117,150 in
guardian ad litem fees and an additional $55,000 for appellate attorneys fees. In three
issues, Maria Jocson, M.D. and Woman’s Hospital of Texas, Inc. (“the hospital”)
argue that the trial court abused its discretion in awarding Crabb $120,077.75


 in
guardian ad litem fees in the underlying medical malpractice suit. In our original
opinion, we held that Jocson and the hospital waived their complaints by failing to
provide an adequate record for review and by failing to pursue their objections during
the course of pre-trial discovery, and we affirmed the award. Jocson v. Crabb, 98
S.W.3d 273 (Tex. App.—Houston [1st Dist.] 2003). The Supreme Court of Texas 
subsequently granted Jocson and the hospital’s petition for review, reversed this
Court’s judgment, and ordered review of the appeal on the merits. Jocson v. Crabb,
133 S.W.3d 268 (Tex. 2004). We reverse and render.
Background
          On April 30, 1998, Adrienne and David Draper, individually and as next friend
of their daughter, Leila, sued Texas Woman’s Hospital, Dr. Jocson, and other
healthcare providers for damages allegedly sustained as a result of medical
malpractice during Leila’s birth. They claimed that their daughter suffered brain
damage during delivery. On December 12, 1998, after approximately eight months
of pretrial activity, the trial court appointed Crabb guardian ad litem for the Drapers’
daughter. 
          On October 1, 2001, after the Drapers reached a confidential settlement with
all the defendants in the case,


 the trial court conducted a hearing on Crabb’s request
for guardian ad litem fees. Dr. Jocson and the hospital objected to Crabb’s request,
on the grounds that the requested fees were excessive, and sought compensation for
work beyond the limited scope of Crabb’s duties as an ad litem. The trial court
overruled the objections and awarded Crabb the entire amount of the fees requested. 
                                                      Ad Litem Fees
          In three issues, Dr. Jocson and the hospital argue that (1) the trial court abused
its discretion in its award of ad litem fees to Crabb for his work in the trial court, (2)
there is legally and factually insufficient evidence to support the award of ad litem
fees to Crabb, and (3) the trial court abused its discretion in the award of ad litem fees
to Crabb on appeal.
Standard of Review 
          Rule 173 vests the trial court with the authority to appoint a guardian ad litem
for a party represented by a next friend or guardian provided: “(1) the next friend or
guardian appears to the court to have an interest adverse to the party, or (2) the parties
agree.” Tex. R. Civ. P. 173.2. When the conflict of interest no longer exists, the trial
court should remove the ad litem. Brownsville-Valley Reg’l Med. Ctr., Inc. v. Gamez,
894 S.W.2d 753, 755 (Tex. 1995); J.D. Abrams, Inc. v. McIver, 966 S.W.2d 87, 97
(Tex. App.—Houston [1st Dist.] 1998, pet. denied). 
          Rule 173 authorizes the trial court to award an ad litem a reasonable fee for his
services, and the determination of the amount of compensation awarded to an ad litem
lies within the sound discretion of the trial court. Simon v. York Crane & Rigging
Co., 739 S.W.2d 793, 794 (Tex. 1987). We will not overturn a fee award absent
evidence showing an abuse of discretion. Id. A trial court abuses its discretion in
awarding ad litem fees if there is no evidence or insufficient evidence to support the
award. Garcia v. Martinez, 988 S.W.2d 219, 222 (Tex. 1999). The burden is on the
guardian ad litem, not the parties, to ensure that his services do not exceed the limited
scope of a guardian ad litem’s role in the litigation. Goodyear Dunlop Tires N. Am.,
Ltd. v. Gamez, 151 S.W.3d 574, 584 (Tex. App.—San Antonio 2004, no pet.).
          The supreme court issued final orders amending rule 173, effective February
1, 2005, in all pending cases. The amended rule specifies the very limited scope of
the guardian ad litem’s duties that are compensable. The rule provides, in pertinent
part:
(a)Court Officer and Advisor. A guardian ad litem acts as an officer
and advisor to the court.
 
(b)Determination of Adverse Interest. A guardian ad litem must
determine and advise the court whether a party’s next friend or
guardian has an interest adverse to the party.
 
(c)When Settlement Proposed. When an offer has been made to
settle the claim of a party represented by a next friend or
guardian, a guardian ad litem has the limited duty to determine
and advise the court whether the settlement is in the party’s best
interest.
 
(d)Participation in Litigation Limited. A guardian ad litem:
 
(1) may participate in mediation or a similar proceeding to
attempt to reach a settlement;
 
(2)must participate in any proceeding before the court whose
purpose is to determine whether a party’s next friend or
guardian has an interest adverse to the party, or whether a
settlement of the party’s claim is in the party’s best
interest;
 
(3)must not participate in discovery, trial, or any other part of
the litigation unless:
 
 (A)further participation is necessary to protect the
party’s interest that is adverse to the next friend’s or
guardian’s, and
 
 (B)the participation is directed by the court in a written
order stating sufficient reasons. 

Tex. R. Civ. P. 173.4. The supreme court’s comment to this newly revised rule 
references specifically to the case before us on remand. The comment, citing to the
supreme court’s opinion in this case, notes that an ad litem will not be compensated
for unnecessary work and no reason exists for the guardian ad litem to participate in
the conduct of the litigation or to review the discovery or the litigation file except to
the limited extent that it may bear on the division of settlement proceeds. The
comment reads, in part, as follows:
[T]he responsibility of the guardian ad litem as prescribed by the rule
is very limited, and no reason exists for the guardian ad litem to
participate in the conduct of the litigation in any other way or to review
the discovery or the litigation file except to the limited extent that it may
bear on the division of settlement proceeds. See Jocson v. Crabb, 133
S.W.3d 268 (Tex. 2004) (per curiam). A guardian ad litem may, of
course, choose to review the file or attend proceedings when it is
unnecessary, but the guardian ad litem may not be compensated for
unnecessary expenses or services.
   
Tex. R. Civ. P. 173 cmt. 3


 (emphasis added).
Fees Awarded
          At the October 2, 2000 hearing, Crabb testified regarding his ad litem fee
request. Crabb testified that he has been a licensed attorney for more than 30 years
and has served as a guardian ad litem between 30 and 50 times. He testified that this
was an extremely complex medical malpractice case because “the medical
professionals differed in their opinion.” Crabb submitted a 42-page fee invoice that
reflected extensive involvement in the case in the amount of 585.75 hours of work
billed at $200 an hour and totaled $117,150. The request included, but was not limited
to, $19,000 for reviewing 378 letters, $5,250 for reviewing 105 deposition notices, and
$35,900 for attending more than 50 depositions.


 Crabb also sought fees for reading
the transcripts from at least 10 additional depositions and for his attendance at more
than 10 hearings in this case. In addition, Crabb testified that he had independently,
without leave of court, retained legal counsel for the purpose of creating a trust for the
Drapers’ child. Crabb sought an additional $2,927.75 to pay the firm of Crain, Caton
& James for its services concerning the trust. Finally, Crabb asked the trial court for
the following appellate fees: $30,000 in the event that an unsuccessful appeal was
filed and pursued in the court of appeals, $10,000 in the event that a petition for
review was filed and denied in the Texas Supreme Court, and $15,000 in the event that
the supreme court granted a petition for review and affirmed the award. The trial court
awarded Crabb all the fees that he requested.
          In their first two issues, Dr. Jocson and the hospital argue that the trial court
abused its discretion in the award of ad litem fees to Crabb for work done in the trial
court because there was no evidence or insufficient evidence to support the award.
Specifically they contend that (1) the trial court erred in compensating Crabb for work
beyond that required in his limited role as guardian ad litem and (2)Crabb was
essentially doing work that was the responsibility of the Drapers’ lawyer. We agree.
Compensable Fees
          The trial court abused its discretion in awarding Crabb’s fee request under both
the version of Rule 173 in place at the time of the hearing and the newly amended
Rule 173. Accordingly, we need not determine whether the former Rule 173 or the
new rule applies to this appeal. Both versions mandate that an ad litem may only be
compensated for fees that are (1) incurred as a result of an actual or potential conflict
of interest and (2) reasonable. See Tex. R. Civ. P. 173.4; Gamez, 151 S.W.3d at 583
(discussing the mandates of rule 173 before February 1, 2005). A trial court abuses
its discretion if it awards ad litem fees for work unrelated to an actual or potential
conflict of interest or for work more appropriately performed by the plaintiff’s
attorney. Gamez, 151 S.W.3d at 583.
          During the ad litem hearing, Crabb repeatedly testified that his extensive
involvement in this case was necessary because of an ongoing potential conflict of
interest between the Drapers and their minor child over “money.” When asked to
specifically identify the potential conflict that required his services, Crabb testified
that, “anytime you have money involved there is a conflict of interest. No matter how
noble someone may be, money taints everything.” When questioned regarding
whether his role as guardian ad litem should be limited in scope to a specific time
period, Crabb responded :
Counselor, I do not know when you can say that terrorists are going [to]
attack the World Trade Center and I do not know when a conflict is
going to develop. There is always the potential for a conflict to develop
and my appointment was to protect the interests of the child.


 
 
Accordingly, Crabb testified that all of the work referenced in his fee invoices was
necessary to protect the minor child’s best interests. The trial court agreed with
Crabb’s analysis, concluded that, under these circumstances, “there’s no way that
[Crabb] would know what the conflict is unless he was aware of what was going on
at all times in this case,” and awarded Crabb his entire fee request. We hold that the
trial court’s award was an abuse of discretion.
          Generalized testimony regarding the continued presence of “money” in a lawsuit
cannot support a trial court’s finding of a potential conflict of interest requiring the
extensive involvement of the guardian ad litem in the lawsuit. If this were the case,
in every personal injury suit, a guardian ad litem would be entitled to compensation
for reviewing virtually every piece of paper that crosses his desk and for extensively
participating in pretrial discovery based on the possibility of a large damage award.
This is not the law in Texas. See Tex. R. Civ. P. 173.4; Gamez, 151 S.W.3d at 583.
          When, as here, the minor’s parent, guardian or next friend may have a conflict
of interest in settlement proceeds, the guardian ad litem may only be compensated for
fees that are incurred as a result of this conflict. Tex. R. Civ. P. 173.2; Byrd v.
Woodruff, 891 S.W.2d 689,707 (Tex. App.—Dallas 1994, writ denied). Specifically,
the guardian ad litem may be compensated only for work related to the evaluation of
the proposed settlement and for advising the court as to the fairness of the settlement
to the minor. Byrd, 891 S.W.2d at 707. In reviewing a proposed settlement, the
guardian ad litem’s duty includes evaluating the damages suffered by the minor, the
adequacy of the settlement, the proposed apportionment and manner of distribution
of the settlement proceeds, and the amount of attorney’s fees charged by the plaintiff’s
attorney. Id. (stating that guardian ad litem appropriately participated in the settlement
conference, reviewed the evidence, examined the legal issues and consulted with the
minor and her parents). The guardian ad litem is not to serve as the attorney for the
minor and duplicate tasks already being performed competently by plaintiff’s
attorneys. Gamez, 151 S.W.3d at 584. Furthermore, it is not necessary or appropriate
for a guardian ad litem to review discovery motions and depositions and to participate
in pretrial discovery and hearings without regard to their relevance, or irrelevance, to
the potential conflict of interest regarding the settlement proceeds. See Tex. R. Civ.
P. 173.4; Gamez, 151 S.W.3d at 584.
 In this case, Crabb specifically testified under oath at the fee hearing that he had
“no idea” what percentage of his time he spent dealing with the settlement and
settlement-related issues in this case. Crabb did not testify as to how much time he
spent performing the duties specifically relating to the review of the settlement or its
proceeds, the final division of settlement proceeds between the Drapers and the minor
child, the date when the final settlement was reached. In addition, he did not provide
any other similar testimony necessary for the trial court to conclude that the entire fee
amount requested by Crabb was incurred because of a potential or actual conflict of
interest in the division of the settlement proceeds.
          Likewise, the billing invoices used by Crabb during his testimony do not
support the trial court’s award. During the hearing, Crabb did not identify which
entries reflected his work relating to the settlement proceeds. Only three of the more
than 1000 sparsely worded entries even mention the settlement.


 Specifically, the
invoice descriptions of “correspondence” and “telephone calls” upon which Crabb
relies as evidence of his work as the guardian ad litem are vague and not informative
as to either the subject matter of communication or the relationship of the nonattorney
correspondents to this litigation.



          The record from the hearing establishes that Crabb cannot identify many of the
invoice entries for reviewing deposition notices and other documents as being related
to the settlement or even prove that they were reasonable. Before the hearing, Jocson
and the hospital subpoenaed Crabb’s files, but he refused to produce them on the basis
that he was not relying on any documents in his fee request other than his invoice. As
a result, when he was asked at the hearing to justify nine hours billed on one day for
reviewing 36 pieces of paper, Crabb could not identify what documents he reviewed.
Crabb also admitted that it was his standard practice to bill one quarter of an hour for
each document he reviewed, even if it was only for a notice of a deposition, a
certificate from a court reporter, or a letter containing a single sentence. In light of
Crabb’s testimony and the absence of supporting documentation, the trial court could
not have determined the reasonableness of these requested fees or how they were
related to a potential conflict of interest regarding the settlement proceeds. 
          Finally, Crabb’s testimony regarding the role of Jimmy Williamson, the
Drapers’ counsel, does not support the trial court’s award. In light of Crabb’s 
testimony that the Drapers received excellent representation and that no actual conflict
of interest ever developed between the parties regarding the handling of this case or
the settlement proceeds, Crabb’s extensive involvement in the case beyond his role
regarding the settlement proceeds was unwarranted. Under these circumstances, we
hold that the testimony and evidence presented at the hearing was legally insufficient
to support the award and the trial court abused its discretion in awarding these fees. 
          As a result of Crabb’s testimony that he has “no idea” what percentage of his
time he spent dealing with settlements and settlement-related issues, his failure to
produce documents supporting the sparse billing invoice descriptions or provide
testimony as to which billing invoice entries were related to the settlement, we are left
solely with the invoices themselves as evidence of whether the work referenced was
related to the potential conflict of interest in the settlement proceeds in this case. See
Alford v. Whaley, 794 S.W.2d 920, 925 (Tex. App.—Houston [1st Dist.] 1990, no
writ)(in determining whether to affirm an award of ad litem fees, the court of appeals
may “draw on their own knowledge and experiences as lawyers and judges to view the
matter in light of the testimony, the record and the amount in controversy.) Based on
our review of the record, we hold that the only fees that are compensable on the record
before us are those documented by the billing invoices as follows: 
          1.       Attendance at mediation/ “mini-trials”
4/16/99        Receive and review Court letter referring to mediation                 .25
06/21/99      Receive and review letter Williamson on mediation to counsel    .25
08/05/99      Receive and review Court Notice Mediation                                 .25
02/11/00      Mediation                                                                             11.00
05/26/00      Pre-trial conference                                                                       4.25
05/30/00      Trial                                                                                               6.75



08/21/00      Review trial materials                                                                   1.25
08/22/00      Mini-trial                                                                                       8.25
08/23/00      Mini-trial                                                                                       8.00
08/24/00      Mini-trial                                                                                       9.00
 
          2.       Conferences in person or by telephone with the Drapers 
 
01/16/00      Conference David and Adrienne Draper                                       1.75
05/22/00      Conference with Draper                                                                 .50
06/11/00      Conference with Drapers                                                              1.25
06/14/00      Telcon with Adrienne Draper                                                        .25
06/21/00      Telcon with David Draper                                                              .25
06/22/00      Telcon with David Draper                                                              .25
09/05/00      Telecon with Adrian Draper                                                          .25
 
          3.       Work involving the approval of the settlement and reviewing settlement
documents.
 
06/15/00      Receive and review Notice of Minor’s Settlement Hearing          .25
06/20/00      Receive and review Notice of Minor’s Settlement                        .25
09/11/00      Receive and review expenses and settlement statement                .75
09/12/00      Receive and review proposed Agreement, Release, 
                              Indemnification and Judgment                                             .50
 
          4.       Work on setting up the trust and life insurance for the minor 



 
06/07/00      Review structure                                                                            .75
05/18/00      Research life insurance companies                                               2.00
05/23/00      Research life carriers for structure                                                1.75
06/07/00      Review structure                                                                            .75
06/12/00      Telcon Bank of America Trust Dept./Attorney                              .50
06/12/00      Telcon Compass Bank Trust Dept.                                                .25
06/12/00      Review structure                                                                           1.75
06/12/00      Research 142 Trust                                                                        .75
06/15/00      Research life carriers                                                                     2.25
06/21/00      Telcon Bank of America Trust                                                       .25
06/22/00      Review trust material                                                                    1.50
09/05/00      Receive and review letter from Ringler to Locke/Surety Bond     .50
09/05/00      Telcon with Helen Wils                                                                 .25
09/06/00      Conference with Helen Wils                                                         2.00
09/06/00      Telecon with Helen Wils                                                                .25
09/06/00      Conference with Helen Wils                                                          .50
09/07/00      Telecon with Helen Wils                                                                .25
09/07/00      Conference with Helen Wils                                                          .50
09/08/00      Conference with Helen Wils                                                         1.50
09/08/00      Review draft of trust                                                                      .50
09/11/00      Receive and review proposed trust as filed                                   1.50
09/12/00      Conference with Helen Wils                                                          .25
09/12/00      Receive and review Motion/Order Trust filed by Williamson       .75
09/12/00      Conference with Helen Wils                                                         1.25
09/12/00      Conference with Williams and Rusnak on Trust                           .50
09/13/00      Review changes in proposed trust                                                  .25
 
          The total number of compensable hours is 71.50. Crabb testified that his hourly
rate was $200. We hold that Crabb’s compensable fees totaled $14,300. We also hold
that fees paid to the outside law firm to establish the trust are compensable. Rule
173.6 and its predecessor provision, rule 176, provide that guardians ad litem may be
“reimbursed for reasonable and necessary expenses incurred . . . .” Tex. R. Civ. P.
173.6. Although he did not obtain leave of court to incur the legal fees paid to the law
firm of Crain, Caton & James, Crabb provided legally sufficient evidence to establish
that these fees were necessary to effectuate the settlement of the minor child. Crabb
testified that he sought the expertise of Crain, Caton & James to assist him in creating
a trust for the minor child. Accordingly, we hold that the trial court did not abuse its
discretion in awarding the fees incurred by Crabb for services rendered by Crain,
Caton & James.
          We sustain issues one and two and render judgment awarding Crabb ad litem
fees of $2,927.75 for reimbursement of the Crain, Caton & James’s fees and $14,300
for reimbursement of his fees. Because of our holding on these issues, we need not
address the issue relating to the award of ad litem fees on appeal.


 
 
 
 
Conclusion
          We hold that the trial court abused its discretion in its award of ad litem fees to
Crabb. We reverse the judgment of the trial court regarding the award of ad litem fees,
and we render judgment that Crabb be reimbursed $2,927.75 for Crain, Caton &
James’s fees and $14,300 as fees for his services as guardian ad litem in this case and
that no appellate fees be awarded in this case.
 
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.