IN THE SUPREME COURT OF TEXAS






IN THE SUPREME COURT OF TEXAS
 
════════════
No. 04-0794
════════════
 
Land Rover U. K., Ltd., Land 
Rover North America, Inc., Ford Motor Company, and Gunn Infinity, Inc., d/b/a 
Gunn Range Rover, Petitioners,
 
v.
 
 Juan J. Hinojosa, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Thirteenth District 
of Texas
════════════════════════════════════════════════════
 
 
PER CURIAM
 
 
Ronald Hirn, 
his wife Dawn, and their two young sons, Ryan and Tyler, were injured in a 
rollover accident in the family’s 1995 Land Rover Discovery. Ronald, Dawn, and 
Tyler survived, but Ryan did not. The Hirns sued the vehicle manufacturer, Land 
Rover U.K, Ltd. and Land Rover North America, Inc.; the parent company of the 
manufacturer, Ford Motor Company; and the dealership, Gunn Infinity, Inc. d/b/a 
Gunn Range Rover (collectively Land Rover). The Hirns also sued the tire 
manufacturer, Continental General Tire, Inc., and the tire retailer, The Tire 
Corral, Inc. (collectively Continental). Ronald and Dawn brought individual 
claims as well as claims on behalf of Ryan’s estate and Tyler.
As the 
plaintiffs negotiated a settlement with Continental, the parties recognized a 
probable conflict of interest between the parents and Tyler. The trial court 
granted an agreed motion to appoint a guardian ad litem and appointed Juan 
Hinojosa. As part of its settlement with the plaintiffs, Continental paid 
Hinojosa $45,000 for his work as guardian ad litem.
A few months 
later, the trial court held a hearing to finalize the Hirns’ settlement with 
Land Rover. Hinojosa requested $100,000 for his work as guardian ad litem. Land 
Rover argued that $100,000 was excessive and offered Hinojosa $25,000. The court 
entered a judgment requiring Land Rover to pay Hinojosa $100,000 in fees. The 
trial court denied Land Rover’s motion to modify, reform, or correct the 
judgment. Land Rover appealed, arguing that the trial court abused its 
discretion in awarding Hinojosa excessive guardian ad litem fees. The court of 
appeals affirmed, and Land Rover petitioned this Court for review. We reverse 
the judgment of the court of appeals and remand the case to the trial court to 
reconsider Hinojosa’s fee in light of this opinion.
The 
applicable version of Texas Rule of Civil Procedure 173 states that when a minor 
“is represented by a next friend or guardian who appears to the court to have an 
interest adverse to such minor, . . . the court shall appoint a guardian ad 
litem for such person and shall allow him a reasonable fee for his services to 
be taxed as a part of the costs.” Tex. 
R. Civ. P. 173 (1943, amended 2005). On January 27, 2005, this Court 
revised Texas Rule of Civil Procedure 173, effective February 1, 2005. 
Id. Although the revisions to Texas Rule of Civil Procedure 173 clarify 
the role of guardians ad litem, the role was defined well before the revisions. 

A guardian ad 
litem is not an attorney for the child but an officer appointed by the court to 
assist in protecting the child’s interests when a conflict of interest arises 
between the child and the child’s guardian or next friend. Am. Gen. Fire 
& Cas. Co. v. Vandewater, 907 S.W.2d 491, 493 n.2 (Tex. 1995); see 
also Jocson v. Crabb, 133 S.W.3d 268, 271 (Tex. 2004); Garcia v. 
Martinez, 988 S.W.2d 219, 222 n.2 (Tex. 1999). As the personal 
representative of a minor, a guardian ad litem is required to participate in the 
case only to the extent necessary to protect the minor’s interest and should not 
duplicate the work performed by the plaintiff’s attorney. See Jocson, 133 
S.W.3d at 270-71; Vandewater, 907 S.W.2d at 493 n.2; see also 
Tex. R. Civ. P. 173 cmt. 3. If a 
guardian ad litem performs work beyond the scope of this role, such work is 
non-compensable. See Brownsville-Valley Reg’l Med. Ctr., Inc. v. Gamez, 
894 S.W.2d 753, 756-57 (Tex. 1995) (holding the guardian ad litem may not 
recover fees for post-judgment services because they were not necessary to 
representing the minor and they duplicated duties imposed on the trustee and the 
minor’s parents).
An appointed 
guardian ad litem may request a reasonable fee for services performed. Tex. R. Civ. P. 173 (1943, amended 
2005); see also Tex. R. Civ. P. 
173.6(a) (stating that a guardian ad litem “may be paid a reasonable 
hourly fee” upon request). The amount of the guardian ad litem’s fee is left to 
the trial court’s discretion and will not be overturned absent evidence that the 
trial court abused its discretion. Garcia, 988 S.W.2d at 222; Simon v. 
York Crane & Rigging Co., 739 S.W.2d 793, 794 (Tex. 1987). To determine 
a reasonable fee for a guardian ad litem’s services, a trial court applies the 
factors used to determine the reasonableness of attorney’s fees. Garcia, 
988 S.W.2d at 222. These factors include:
 
(1) 
       the time and labor required, the novelty 
and difficulty of the questions involved, and the skill required to perform the 
legal service properly;
 
(2) 
       the likelihood . . . that the acceptance of 
the particular employment will preclude other employment by the lawyer;
 
(3) 
       the fee customarily charged in the locality 
for similar legal services;
 
(4) 
       the amount involved and the results 
obtained;
(5) 
       the time limitations imposed by the client 
or by the circumstances;
(6)        
the nature and length of the professional relationship with the client;
 
(7) 
       the experience, reputation, and ability of 
the lawyer or lawyers performing the services; and
 
(8) 
       whether the fee is fixed or contingent on 
results obtained or uncertainty of collection before the legal services have 
been rendered.
 
 
Id. 
(citing Arthur Andersen v. Perry Equip. Corp., 945 S.W.2d 812, 818 (Tex. 
1997) (quoting Tex. Disciplinary R. 
Prof’l Conduct 1.04(b), reprinted in Tex. Gov’t Code, tit. 2, subtit. G app. 
A (Tex. State Bar R. art. X, § 
9))). To apply these factors, a reviewing court “may draw upon the common 
knowledge of the justices and their experience as lawyers and judges to view the 
matter in light of the evidence and the amount in controversy.” Borden, Inc. 
v. Martinez, 19 S.W.3d 469, 471 (Tex. App.—San Antonio 2000, no pet.); 
see generally Garcia, 988 S.W.2d 219; Gamez, 894 S.W.2d 753. 
A reasonable 
hourly rate multiplied by the number of hours spent performing necessary 
services within the guardian ad litem’s role yields a reasonable fee. See 
Garcia, 988 S.W.2d at 222. Additional sums are rarely appropriate, 
particularly since the guardian ad litem serves, in part, as an advisor to the 
court and will enjoy the protection of qualified judicial immunity. See 
Tex. R. Civ. P. 173 cmt. 5. 
For example, in Garcia, we held that the trial court abused its 
discretion in ordering payment of a fee in excess of the product of the hours 
spent and the hourly fee supported by the testimony using the Andersen 
factors. 988 S.W.2d at 222-23 (rejecting the argument that the guardian 
ad litem’s fee must reflect a proportion of the settlement amount absent an 
agreement to that effect). Similarly, in Alford v. Whaley, the court of 
appeals concluded that the hourly fee to which the guardian ad litem testified 
“encompassed all of the factors to be considered in determining whether a fee is 
reasonable” and held that the guardian ad litem was not entitled to an 
additional fee over the product of number of hours worked and the hourly rate. 
794 S.W.2d 920, 925–26 (Tex. App.—Houston [1st Dist.] 1990, no writ). 
Hinojosa 
relies on his testimony at the hearing finalizing the Hirns’ settlement with 
Land Rover to support the reasonableness of his fee. He testified that his 
experience and reputation as an attorney and a state legislator command a 
substantial fee. He explained that this case was one of the most complex product 
liability cases that he had ever seen and that evaluating whether the unique 
settlement terms were in his client’s best interest required specialized 
knowledge and experience. Hinojosa opined that although the “settlement amount 
by Land Rover was somewhat low” his services benefitted his client because Land 
Rover agreed to provide Ronald Hirn with assurances that Land Rover would 
investigate the design to the fuel system. 
Hinojosa 
explained that he earns a fee of between $300 and $500 per hour for his legal 
work and sought his top hourly rate in this case. He also claimed that he turned 
down other cases while representing Tyler: a $75,000 non-refundable retainer in 
a pharmaceutical case and a $50,000 fee for a case in Starr County. 
Hinojosa 
described the work he performed in his capacity as Tyler’s guardian ad litem. He 
testified that he received about six to eight inches of new mail related to the 
case each week and that he “had to review all of it.” Hinojosa said that he 
talked to someone from the plaintiffs’ lawyer’s office almost every day “to 
discuss strategy and prepare for trial.” Specifically, he helped engineer a 
trial strategy to address the “empty chair” of the settling defendant, 
Continental.
Hinojosa did 
not keep detailed time records. He estimated that after the Continental 
settlement, he spent ten hours per week for fifteen weeks representing Tyler’s 
interests, or between 140 and 150 hours total. At a billing rate of $500 per 
hour, he testified that the total hourly fee was between $70,000 and $75,000. 
Hinojosa testified that $100,000 included compensation for other cases he had to 
refuse.
Hinojosa 
requested the product of his estimated hours expended and his hourly rate, 
$75,000, plus an additional $25,000 because he declined guaranteed retainers for 
two other cases. Prior to the revisions to Texas Rule of Civil Procedure 173, if 
service as a guardian ad litem continued for an extended period of time and 
substantially interfered with the guardian ad litem’s usual practice, an 
additional amount might be appropriate. But absent exceptional circumstances not 
present here, a court should not enhance the fee calculated by multiplying 
necessary number of hours expended by a reasonable hourly rate. 
In addition, 
some of the time Hinojosa testified he included in his 150-hour estimate was not 
compensable. Hinojosa’s testimony makes it clear that he was providing extensive 
advice to the plaintiffs’ attorney that was beyond the formal role of a guardian 
ad litem, including almost daily consultations about trial strategy. Such 
services may indeed benefit a minor, but they are within the duties of the 
lawyer representing the minor in the litigation and not additional fees to be 
assigned as costs payable to a guardian ad litem. See Gamez, 894 S.W.2d 
at 756-57; see also Tex. R. Civ. 
P. 173.4(d) (specifying the limitations of a guardian ad litem’s 
participation). This time should not have been included in Hinojosa’s estimation 
of time spent serving as guardian ad litem. Finally, although written billing 
records may not be required in every case, they are quite helpful in considering 
the fee. 
We conclude 
that $100,000 is not a reasonable fee for the services Hinojosa provided as 
guardian ad litem. Accordingly, under Texas Rule of Appellate Procedure 59.1, we 
grant Land Rover’s petition for review, and, without hearing oral argument, we 
reverse the court of appeals’ judgment and remand this cause to the trial court 
to reconsider the amount of the guardian ad litem fee that was taxed against 
Land Rover.
 
 
 
OPINION DELIVERED: December 15, 
2006