In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-08-116 CV


 ______________________



IN RE HAROLD R. NEWSOM






Original Proceeding






MEMORANDUM OPINION


 Relator Harold R. Newsom seeks a writ of mandamus compelling the trial court to
remove the "attorney ad litem" or guardian ad litem appointed by the court for the
intervenors. We conditionally grant the writ.

 The minor plaintiff and three minor intervenors, represented by next friends pursuant
to Rule 44, sued Newsom, Cougar Run Ranch I, Inc., Cougar Run Ranch II, Inc., Hal
Newsom Airboat Tours, Inc., (collectively "Newsom") and Jason Ray Newsom for
negligence, conspiracy, and violations of the Uniform Transfer Act. (1) See Tex. R. Civ. P. 44. 
Newsom filed a motion requesting the appointment of a guardian ad litem for the intervenors. 
Although an attorney and the next friends represented the minors, Newsom explained he had
been advised that the minors' depositions could not proceed without the appointment of an
ad litem. The plaintiff and intervenors opposed the appointment. The trial court appointed
one. (2) 

 Concerned about the scope of the ad litem's role and mounting fees, Newsom filed
a motion to withdraw his request for appointment of the ad litem and to remove the ad litem. 
The trial court denied Newsom's motion. Newsom filed a petition for writ of mandamus
seeking compliance with Rule 173 of the Texas Rules of Civil Procedure and the ad litem's
removal. See Tex. R. Civ. P. 173. 

 To obtain mandamus relief, a relator must show that the trial court clearly abused its
discretion and the relator has no adequate remedy by appeal. In re Sw. Bell Tel. Co., L.P.,
226 S.W.3d 400, 403 (Tex. 2007). The trial court abuses its discretion when it fails to apply
the law correctly. In re Tex. Dep't of Family and Protective Servs., 210 S.W.3d 609, 612
(Tex. 2006). Rule 173.7 states that "[a]ny party may seek mandamus review of an order
appointing a guardian ad litem or directing a guardian ad litem's participation in the
litigation." Tex. R. Civ. P. 173.7. 

 In issue one, Newsom argues the guardian ad litem should be removed because there
is no conflict of interest between the minor parties and their next friends, and agreement to
the continuation of the appointment does not exist. In issue two, Newsom complains of the
extent of the ad litem's participation in the case. The minors, through their next friends,
opposed the guardian ad litem's appointment from the outset. Newsom concedes that by
requesting the appointment, he consented to it. He asserts that his motion seeking removal
of the ad litem effectively withdraws his consent. 

 Newsom argues that the purpose of his request for the appointment was to secure the
depositions of the minor intervenors. In contrast, the ad litem contends the scope of
Newsom's request and consent was broader than that; she also suggests Newsom should have
sought orders from the trial court on his deposition requests.

 Regardless of the parties' view of the scope of the appointment, Rule 173 governs the
role of a guardian ad litem; the role is "very limited." Jocson v. Crabb, 196 S.W.3d 302, 306
(Tex. App.--Houston [1st Dist.] 2006, no pet.) (quoting the Texas Supreme Court's comment
3 to Rule 173). See Tex. R. Civ. P. 173.

 A minor may sue and be represented by a "next friend." Tex. R. Civ. P. 44. When
a conflict of interest arises between the child and the child's next friend or guardian, the trial
court must appoint a guardian ad litem to assist in protecting the child's interests. See Land
Rover U.K., Ltd. v. Hinojosa, 210 S.W.3d 604, 607 (Tex. 2006); Tex. R. Civ. P. 173. The
comment to Rule 173 states that the "responsibility of the guardian ad litem as prescribed by
the rule is very limited, and no reason exists for the guardian ad litem to participate in the
conduct of the litigation in any other way or to review the discovery or the litigation file
except to the limited extent that it may bear on the division of settlement proceeds." Tex. R.
Civ. P. 173 cmt. 3 (citing Jocson v. Crabb, 133 S.W.3d 268 (Tex. 2004)). Comment 4 to the
Rule states, "In no event may a guardian ad litem supervise or supplant the next friend or
undertake to represent the party while serving as guardian ad litem." Tex. R. Civ. P. 173
cmt. 4. 

 As an officer of the court rather than an attorney for the child, a guardian ad litem is
required to participate in the case only to the extent necessary to protect the minor's interest
and should not duplicate the work performed by the plaintiff's attorney. Land Rover, 210
S.W.3d at 607 (citing Jocson, 133 S.W.3d at 270-71). Work performed beyond the scope of
the ad litem's proper role is not compensable. Id. (citing Brownsville-Valley Reg'l Med. Ctr.,
Inc. v. Gamez, 894 S.W.2d 753, 756-57 (Tex. 1995)). 

 Other than agreement of the parties, the only ground for the appointment of a guardian
ad litem under Rule 173.2(a) is the existence of an adverse interest between the next friend
and the minor. Here, the record does not show plaintiffs agreed to the appointment, and no
determination was ever made of an interest adverse to the minors. See Tex. R. Civ. P. 173.4. 
In the guardian ad litem's responsive brief, she concedes the appointment is not related to a
conflict of interest between the minors and their parents. Even if plaintiffs agreed to the
appointment, once Newsom withdrew his agreement to the continued service, there was no
longer a valid ground for the continuation of the appointment. See Tex. R. Civ. P. 173.2. 
When the reason for the appointment ceases, the trial court should remove the ad litem. 
Jocson, 196 S.W.3d at 305 (citing Brownsville-Valley Reg'l Med. Ctr., 894 S.W.2d at 755). 
On this record, there is no showing of an agreement of the parties or a conflict of interest,
and no basis exists under Rule 173 for the ad litem. We sustain issues one and two. 

 Newsom also challenges the trial court's "order for security costs" allowing the
guardian ad litem to bill fees and expenses against a deposit for costs. After appointment,
the ad litem requested that "$5,000 be deposited to secure fees and expenses to be taxed as
costs to be apportioned however this Court deems is just." The trial court ordered Newsom
to pay $5,000 directly to the guardian ad litem for her to "maintain . . . in her firm's trust
account to be released at the time such fees are earned." Newsom objected to the assessment
and requested that the trial court establish some guidelines for the guardian ad litem's
participation. The trial court denied Newsom's motion for reconsideration of the assessment
of costs and ordered the ad litem to "participate in this matter as follows: all matters
involving the children." Later the ad litem filed another motion informing the court that the
initial "$5,000 has been exhausted, and another $1,100.00 has been billed." She requested
the deposit of an additional $15,000 and indicated she may request an additional sum in the
future. A few days later, the trial court granted the ad litem's motion and ordered Newsom
to pay another $10,000 directly to the ad litem and required the ad litem to "maintain such
funds in her firm's trust account to be released at the time such fees are earned." 

 Newsom argues the court's compensation order was not in compliance with Rule 173.
The ad litem relies on Rules 142 and 143 which in certain circumstances allow for security
for costs. See Tex. R. Civ. P. 142, 143 ("A party seeking affirmative relief may be ruled to
give security for costs . . . ."). Rule 173, however, is the applicable rule, and expressly
governs the appointment, functions, duties, and compensation of the guardian ad litem. The
Rule provides that "[a] guardian ad litem may not receive, directly or indirectly, anything of
value in consideration of the appointment other than as provided by this rule." See Tex. R.
Civ. P. 173.6(d). "If a guardian ad litem requests compensation, he or she may be reimbursed
for reasonable and necessary expenses incurred and may be paid a reasonable hourly fee for
necessary services performed." Tex. R. Civ. P. 173.6(a). Those services must be in
conformity with the functions and duties set out for the guardian ad litem in Rule 173.4. See
Land Rover, 210 S.W.2d at 608. The guardian ad litem may file an application for
compensation at the conclusion of the appointment. Tex. R. Civ. P. 173.6(b). The
application must be verified and must detail the basis for the compensation requested. Id. 
As the comment to Rule 173 explains, "A guardian ad litem may, of course, choose to review
the file or attend proceedings when it is unnecessary, but the guardian ad litem may not be
compensated for unnecessary expenses or services." Tex. R. Civ. P. 173 cmt. 3. 

 The motions for security for costs filed by the guardian ad litem do not comply with
the requirements of an application for compensation under Rule 173.6. Newsom objected
to the ad litem's requests. The trial court granted the ad litem's motions, and ordered
Newsom to pay directly to the guardian ad litem the sums of $5,000 and $10,000.

 In ordering the automatic release of the funds from the ad litem's trust account "at the
time such fees are earned," the trial court incorrectly applied Rule 173. Rule 173.6(a)
provides that, at the conclusion of the appointment, an application for compensation may be
filed. "Unless all parties agree to the application, the court must conduct an evidentiary
hearing to determine the total amount of fees and expenses that are reasonable and
necessary." Tex. R. Civ. P. 173.6(b). 

 We conditionally grant the petition for writ of mandamus. The trial court is to enter
an order ending the appointment of the guardian ad litem, because there is no agreement of
the parties and no conflict of interest is identified. In her brief to this Court, the guardian ad
litem stated that there is no adverse interest between the parents and the minors. Should the
trial court conclude, on its own motion or that of a party, that the next friends (one or more
of them) have an interest adverse to the minors, we presume the trial court will at that time
follow the procedures of Rule 173. The trial court is to vacate the compensation orders. We
presume the trial court and parties will follow the procedures set out in Rule 173.6 regarding
compensation of the ad litem. The writ will issue only if the trial court fails to act in
accordance with this opinion. 

 PETITION CONDITIONALLY GRANTED. 

 PER CURIAM

Submitted on April 4, 2008

Opinion Delivered April 10, 2008


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Jason Newsom did not join in the motions at issue in this proceeding.
2. Newsom explains he initially filed a motion for appointment of a guardian ad litem
under Rule 173 of the Rules of Civil Procedure. He states that after consulting with court
personnel, he "re-file[d] for an 'attorney' ad litem, believing that is what th[e] court required
for depositions of minors." The trial court's order appointed an "attorney ad litem" for the
minor intervenors. Although there is a distinction between the roles of an attorney ad litem
and a guardian ad litem under Rule 173, the parties do not dispute that a guardian ad litem
was appointed here and that Rule 173 governs.