

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-16-00302-CR
_____

IN RE ANTHONY JAMES, RELATOR

Original Proceeding
Arising Out of Proceedings before the 137th District Court
In and For Lubbock County, Texas
Trial Court No. 2006-411,486-B; Honorable John "Trey" J. McClendon III, Presiding

August 29, 2016

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Relator, Anthony James, proceeding *pro se* and *in forma pauperis*, seeks a writ of mandamus to compel the Honorable John J. McClendon III to rule on motions pending in his court.[1] Specifically, Relator maintains he has filed three motions: (1) *Motion for Reformation of Judgment-Sentence*, (2) *Motion to Resentence*, and (3)

---

[1] Relator requests suspension of Rule 9.3(b) of the Texas Rules of Appellate Procedure which requires eleven copies and the original of any document that is not electronically filed. Rule 9.3(b) applies only to filings in the Supreme Court or Court of Criminal Appeals. This court requires the original and one unbound copy of any document that is not electronically filed. TEX. R. APP. P. 9.3(a)(1). The requirement for an unbound copy is suspended and the court accepts the filing of Relator's original document as complying with the rule.

*Motion for Appointment of Counsel for Habeas Corpus*. For the reasons expressed, we deny Relator's petition for writ of mandamus.

According to Relator's petition, he was convicted of aggravated sexual assault in 2006.[2] He argues that the trial court's refusal to rule on his pending motions is an abuse of discretion. He also asserts he has no adequate remedy by appeal.

MANDAMUS STANDARD OF REVIEW

Mandamus relief is extraordinary. *In re Braswell*, 310 S.W.3d 165, 166 (Tex. App.—Amarillo 2010, orig. proceeding) (citing *In re Southwestern Bell Telephone Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding)). "Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding)). To show entitlement to mandamus relief, a relator must satisfy three requirements: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

A court is not required to consider a motion not called to its attention. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). Showing that a motion was filed with the trial court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling. *Id.*

---

[2] His conviction was affirmed. *See James v. State*, No. 07-06-0429-CR, 2006 Tex. App. LEXIS 4531, at *9 (Tex. App.—Amarillo June 6, 2007, no pet.).

Additionally, when a motion is properly pending before a trial court, the act of considering and ruling upon the motion is a ministerial act. *Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992). However, the trial court has a reasonable time within which to perform that ministerial duty. *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). Whether a reasonable period of time has lapsed is dependent on the circumstances of each case. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). Other factors include the trial court's actual knowledge of the motion, its overt refusal to act, the state of its docket, and other judicial and administrative duties which must be addressed. *In re Villarreal*, 96 S.W.3d 708, 711 (Tex. App.—Amarillo 2003, orig. proceeding). Further, the party requesting relief must provide a sufficient record to establish his entitlement to mandamus relief. *See Walker*, 827 S.W.2d at 837. *See also In re Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding).

ANALYSIS

According to Relator, he filed his *Motion for Reformation of Judgment-Sentence* on or about December 28, 2015, his *Motion to Resentence* on or about March 25, 2016, and his *Motion for Appointment of Counsel for Habeas Corpus* on or about December 28, 2015. Copies of the motions are included with his petition for writ of mandamus. However, due to his incarceration, the copies provided to this court are not filed stamped by the trial court clerk.

Relator has not established that he brought his motions to the attention of the trial court. He also has not shown that he requested a ruling on his motions and that the

3

trial court refused to act.  Based on the record before this court, Relator has not demonstrated he is entitled to mandamus relief.

CONCLUSION

Relator's petition for a writ of mandamus against Judge McClendon is denied.


Per Curiam

4