Samuel GARCIA, Appellant,

v.

Miroslava MARTINEZ on Behalf of Herself and as Next Friend for Abraham Martinez and Juan Andres Martinez, Appellee.

No. 13–93–349–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 15, 1994.

Rehearing Overruled Feb. 2, 1995.

Ronald G. Hole, McAllen, for appellant.

Keith C. Livesay, George P. Powell, McAllen, Francisco J. Rodriguez, Rodriguez, Prunedo, Abrego, Tovar & Garza, McAllen, for appellee.

Before DORSEY, YAÑEZ and JOSEPH A. DEVANY,[1] JJ.

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

## OPINION

JOSEPH A. DEVANY, Justice (Assigned).

Dr. Samuel Garcia, Appellant, appeals a judgment of the trial court below in which the parties had an agreed settlement on all matters except the amount of a fee for the Guardian Ad Litem for Abraham Martinez, a minor.

The case arose from a medical negligence claim on behalf of the minor child. The trial court appointed a Guardian Ad Litem. The parties announced to the trial court that they had settled all matters in the lawsuit with the sum of $200,000 of the total settlement for the use and benefit of the minor child.

At the prove-up hearing in which the terms of the agreed judgment were approved by the court, the court inquired of the parties as to whether the fee for the Guardian Ad Litem had been resolved. The record shows that the response by appellant's attorney was as follows:

> No, sir, your Honor. We haven't had a chance to discuss it. We would like to pass on that matter and have the opportunity to come back to the court.... if we can't agree, Your Honor, at that time we'll ask for a hearing.

Subsequently, before any agreement on the fee was reached, the Court filled in the blank on the agreed judgment which was reserved for the amount of the fee for the Guardian Ad Litem. The Court entered the amount of $75,000.00. Inasmuch as the appellant had asked to "pass" on the remaining issue of the Guardian Ad Litem's fee, it was incumbent on the trial court to have an evidentiary hearing to evaluate the fee.

Appellant presents four points of error. Point of error number one, which is dispositive of this appeal, states that the trial court abused its discretion in awarding the Guardian Ad Litem $75,000.00 in fees, as there was no evidence to support a finding that such award was reasonable. We agree.

The trial court erred in arbitrarily filling in the amount of $75,000.00 for the fee for the Guardian Ad Litem and in not conducting an evidentiary hearing. The plenary power of the trial court does not end until all issues have been resolved. The record clearly shows that the Appellant asked for a "pass" on the one remaining issue. Therefore, the case remained open until the last issue was resolved. The trial court's action in resolving the issue without a hearing was an abuse of discretion.

Where there is absolutely no testimony given at trial concerning an attorney's fee, the reasonableness of such a fee is a question of fact and must be supported by competent evidence. *Great American Reserve Insurance Co. v. Britton,* 406 S.W.2d 901, 907 (Tex.1966). A court does not have the authority to adjudicate the reasonableness of attorney's fees based on judicial knowledge without the benefit of evidence. *Id.; Redisco, Inc. v. Laredo Mopac Employees Credit Union,* 516 S.W.2d 197, 199 (Tex. Civ.App.—San Antonio 1974, no writ). We conclude that the same rule must apply in determining the fee for a Guardian Ad Litem.

Since no evidence supports the finding of the $75,000.00, an evidentiary hearing must be held by the trial court as to the time and effort expended by the Guardian Ad Litem.

Because the record does not show that appellant was given an opportunity for a hearing as he requested, we conclude that the trial court overlooked the request in the record. Therefore, we reverse and remand as to the issue of the Guardian Ad Litem's fee for an evidentiary hearing.