Samuel T. GARCIA, Jr., M.D., Petitioner,

v.

Miroslava MARTINEZ, on behalf of herself and as next friend of Abraham Martinez, and Juan Andres Martinez, Respondents.

No. 97–1011.

Supreme Court of Texas.

April 1, 1999.

---

PER CURIAM.

We overrule Respondent's motion for re-hearing. However, we withdraw our opinion of October 8, 1998, and substitute the following in its place.

The issue in this case is whether the trial court abused its discretion in the guardian ad litem fee it assessed against defendant Dr. Garcia. Because there was no evidence to support the trial court's award of fifteen thousand dollars in ad litem fees against Dr. Garcia, we reverse the court of appeals' judgment and remand the cause to the trial court to render judgment consistent with this opinion.

Miroslava Martinez, on her own behalf and as next friend for her child, Abraham, and Juan Andres Martinez, the child's father, sued Universal Health Services of McAllen d/b/a McAllen Medical Center, McAllen Medical Center, and Dr. Samuel Garcia, alleging negligence and medical malpractice during Abraham's delivery. Abraham was born blind, deaf, severely mentally retarded, hydrocephalic, and suffering from cerebral palsy. The defendants requested the appointment of a guardian ad litem to represent

Abraham's interests. The trial court appointed Francisco Rodriguez on February 19, 1993.

Two months later, the parties settled and the trial court signed a final agreed judgment in which Abraham received $200,000 to be deposited in trust, while his parents, individually and as next friend, received $1,000,000. Dr. Garcia paid $100,000 of the judgment, and the Medical Center and Universal Health Services paid the remaining $1.1 million.[1] There were no restrictions placed on the parents' use of their part of the judgment. The agreed final judgment ordered that court costs be paid by the defendants *pro rata.*

At the hearing in which the trial court approved the agreed judgment, the parties informed the court that they had not agreed on an ad litem fee and would pass on that item and come back to the court for a hearing if necessary. However, before the parties reached agreement on the fee, and without holding an evidentiary hearing, the trial court filled in the ad litem fee blank on the agreed judgment with the amount of $75,000. Dr. Garcia appealed the $75,000 fee award, complaining that the trial court abused its discretion by making the award without conducting an evidentiary hearing. The court of appeals reversed and remanded for an evidentiary hearing on the guardian ad litem fee. 894 S.W.2d 806. Before the case was remanded back to the trial court, defendants McAllen Medical Center and Universal Health Services settled their portion of the ad litem fee with Rodriguez for $24,000.

On remand, the trial court held a hearing and ordered Dr. Garcia to pay $15,000 as his part of the guardian ad litem's fee. Dr. Garcia appealed the trial court's order. He contended that the trial court abused its discretion in awarding $15,000 as his part of the guardian ad litem's fee because the agreed final judgment provided that he was responsible for only one-twelfth of the court costs. The court of appeals affirmed the trial court's judgment. 989 S.W.2d 758.

■ The court of appeals held that "[e]ven if the trial court abused its discretion, Dr.

Garcia did not call the attention of the trial court to the matter by motion to retax the cost or in any other manner." 989 S.W.2d at 762. The record shows that Dr. Garcia objected to the $15,000 fee against him on several occasions, including in his motion requesting a new trial or a modification, correction or reformation of the judgment. Thus, Dr. Garcia preserved his complaint for appellate review.

■ The agreed judgment states that "all costs of Court in this cause, including the sum of _____, set as the attorney's fees for Frank Rodriguez, Guardian Ad Litem for the minor child herein, are taxed against Defendants ... *pro rata.*" (emphasis added). Rodriguez contests whether the agreed judgment remains valid in light of the court of appeals' reversal and remand in the initial appeal, arguing that "[g]enerally, when an appellate court remands a case for further proceedings, the effect is to remand the case for a new trial on all the issues of fact and the case is reopened in its entirety. If a reversal is limited to particular fact issues, it must clearly appear from the decision that it is so intended." *Gordon v. Gordon,* 704 S.W.2d 490, 491 (Tex.App.—Corpus Christi 1986, writ dism'd). Rodriguez contends that the court of appeals' remand had the effect of overruling the agreed judgment's mandate that the defendants share all court costs *pro rata.* We disagree.

■ The court of appeals reversed and remanded the case in the initial appeal only "as to the issue of the Guardian Ad Litem's fee for an evidentiary hearing." 894 S.W.2d at 807. The court's subsequent opinion also acknowledged the limited purpose of its initial remand: "We originally remanded this case for an evidentiary hearing to determine one issue; that is, the amount of guardian *ad litem* fees." 989 S.W.2d at 763. Thus, the court of appeals clearly intended for the remand to be limited to a particular fact issue. It did not overrule the entire agreed judgment or the part governing taxing of court costs. Because the judgment taxes costs *pro rata,* Dr. Garcia is only responsible for the proportion of the court costs, including the

---

1. The judgment has been paid in full. Only the    ad litem's fee award remains at issue.

ad litem fee, that corresponds to his proportion of the contribution to the settlement.

■ A guardian ad litem is entitled to a reasonable fee for his services to be taxed as a part of the costs. *See* TEX.R. CIV. P. 173. The amount of an ad litem fee award is in the trial court's sound discretion, and will not be set aside absent evidence that the trial court clearly abused its discretion. *See, e.g., Brownsville–Valley Reg'l Med. Ctr. v. Gamez,* 894 S.W.2d 753, 756 (Tex.1995). A trial court abuses its discretion when it acts without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). The clarifying order, from which Dr. Garcia appeals, orders that Rodriguez "have judgment against Samuel Garcia in the amount of $15,000, for said Defendant's portion of ad litem fees, and for all costs of court...." Dr. Garcia argues that because he is responsible for only one-twelfth of the ad litem's fee, the trial court must have found that $180,000 ($15,000 × 12) was a reasonable fee for Rodriguez's services.

■ Generally, trial courts employ the same factors used to determine the reasonableness of attorney's fees to ascertain an appropriate guardian ad litem fee. *See Simon v. York Crane & Rigging Co.,* 739 S.W.2d 793, 794 (Tex.1987).[2] These factors include:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;

(2) the likelihood ... that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Arthur Andersen v. Perry Equip. Corp.,* 945 S.W.2d 812, 818 (Tex.1997) (quoting TEX. DISCIPLINARY R. PROF. CONDUCT 1.04). Rodriguez testified that he spent 60 to 75 hours on the case; that $250 to $300 is a reasonable hourly fee for someone with his experience; that the family was represented by an attorney; that Dr. Garcia's attorney had already agreed to pay the policy limits ($100,000) before Rodriguez was appointed ad litem; that his client received $200,000 from the settlement; that the final agreed judgment was signed two months after his appointment; that he could not say that the case precluded him from taking other work; and that while complexity is a subjective evaluation, in his mind, "every medical malpractice case starts off being complex." At the most, Rodriguez's testimony will support a total ad litem fee of $22,500 (75 hours times $300.00 per hour). This fee reimburses Rodriguez for procuring one-sixth of the $1.2 million settlement for the severely injured child, with the rest going to the parents who suffered no physical injuries without restrictions on their use of the funds. Under the agreed judgment, Dr. Garcia's exposure is limited to one-twelfth of the ad litem's reasonable fee ($100,000 of the $1.2 million). Thus, the trial court abused its discretion in ordering Dr. Garcia to pay $15,000 as his part of the ad litem fee.

---

**2.** Although the same factors govern the reasonableness of guardian ad litem and attorney's fees, the roles of a guardian ad litem and an attorney differ significantly. As the Court stated in *American General Fire & Casualty Co. v. Vandewater,* 907 S.W.2d 491, 493 n. 2 (Tex.1995): "A guardian ad litem is not an attorney for the child but an officer appointed by the court to assist in properly protecting the child's interests.... The guardian ad litem is required to participate in the case to the extent necessary to protect the minor." Furthermore, a guardian ad litem is subject to the strictures of TEX.R. CIV. P. 173, which requires that a conflict exist between the minor and the next friend before the court can appoint the guardian.

Rodriguez also testified that Dr. Garcia should pay $10,000 in ad litem fees because he paid $100,000 of the settlement and $10,000 is a reasonable proportion of Dr. Garcia's settlement payment. We cannot consider Rodriguez's testimony about receiving a percentage of Dr. Garcia's settlement amount as an ad litem fee. The order appointing Rodriguez did not base his fee on a contingency basis, and his recovery of ad litem fees was never contingent on success.

Accordingly, we grant the petition for review and, without hearing oral argument, reverse the court of appeals' judgment and remand the cause to the trial court to render judgment consistent with this opinion. *See* TEX.R.APP. P. 59.1.