In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-067 CV


____________________



INTERNATIONAL DAIRY QUEEN, INC. AND


AMERICAN DAIRY QUEEN CORPORATION, Appellants



V.



MELINDA MATTHEWS, INDIVIDUALLY AND ON BEHALF OF


THE ESTATE OF TYLER SHANE MATTHEWS, DECEASED MINOR, 


MICHAEL MATTHEWS AND WHITNEY MATTHEWS, Appellees






On Appeal from the 163rd District Court


Orange County, Texas


Trial Cause No. B-000119-C






OPINION



 Appellants International Dairy Queen, Inc. and American Dairy Queen Corporation 
appeal a $63,770 award of attorney ad litem fees in a personal injury case. Appellants
argue the evidence is insufficient to support the fee award and the fee award is grossly
excessive as a matter of law. They claim credit for $41,500 in fees paid by other
defendants. 

 Replacing another appointed attorney, the attorney ad litem for the minor child was
appointed on May 1, 2002. The attorney ad litem attended a mediation on May 8, 2002,
after which four of the remaining six defendants settled; in those settlements he received
$41,500 in fees. In September 2002, the plaintiffs settled with the last two defendants,
who are now the appellants. The trial judge awarded the attorney ad litem $63,770 in
additional fees. Generally, attorney's fees are not recoverable unless provided for
by statute, rule or contract between the parties. See Twelve Oaks Tower I, Ltd. v.
Premier Allergy, Inc., 938 S.W.2d 102, 118 (Tex. App.--Houston [14th dist.] 1996,
no writ). Here, the settlement agreement provides for the payment by appellants
of "ad litem fees as approved by the Judge." 

Rule 173


 Rule 173 of the Texas Rules of Civil Procedure requires the appointment of a
guardian ad litem for a minor who is a party to a suit and is represented by a next friend
or a guardian who appears to the court to have an interest adverse to the minor. See Tex.
R. Civ. P. 173; see also Tex. R. Civ. P. 44(2). The fee for the services of the guardian
ad litem is taxed as part of the costs. See Tex. R. Civ. P. 173. The terms "guardian ad
litem" and "attorney ad litem" are used interchangeably by the parties in this case, and
possibly the parties and the court intended the attorney ad litem to function as a guardian
ad litem appointed pursuant to Rule 173. If so, the order should designate him guardian
ad litem. The role of a guardian ad litem is different from that of an attorney ad litem. 
See Garcia v. Martinez, 988 S.W.2d 219, 222 n.2 (Tex. 1999); American Gen. Fire &
Cas. Co. v. Vandewater, 907 S.W.2d 491, 493 n.2 (Tex. 1995) ("A guardian ad litem is
not an attorney for the child but an officer appointed by the court to assist in properly
protecting the child's interests."); see also Jennifer L. Anton, The Ambiguous Role and
Responsibilities of a Guardian Ad Litem in Texas in Personal Injury Litigation, 51 SMU
L.Rev. 161 (Sept./Oct. 1997). See, generally, in other contexts, Tex. Fam. Code Ann.
§§ 107.001-107.016 (Vernon 2002)(provisions for appointments of guardian ad litem and
attorney ad litem); Tex. Prob. Code Ann. §§ 645-646 (Vernon 2003) (provisions for
appointments of guardian ad litem and attorney ad litem). The Supreme Court has
indicated that, if the basis for the appointment is Rule 173, "[t]he trial court's improper
designation of the ad litem 'is not of controlling import.'" Brownsville-Valley Reg'l Med.
Ctr. v. Gamez, 894 S.W.2d 753, 755 n.4 (Tex. 1995)(quoting Phillips Petroleum Co. v.
Welch, 702 S.W.2d 672, 674 (Tex. App.--Houston [14th Dist.] 1985, writ ref'd n.r.e.)). 
Here, however, the appointment order designates the attorney only as an attorney ad litem
and does not reference Rule 173. And, the order awarding fees cites only the parties'
settlement and the Rule 11 agreement as the basis for the fee award. The record does not
include an order appointing a guardian ad litem.

 However, we are not asked by the parties to consider the trial court's
authority to appoint only an attorney ad litem, or the trial court's failure to
appoint a guardian ad litem. The Texas Supreme Court has held that the failure to
appoint a guardian ad litem is not fundamental error that can be addressed by an appellate
court in the absence of assigned error. See Newman v. King, 433 S.W.2d 420, 421-22
(Tex. 1968). This appeal concerns the reasonableness of the amount of an attorney ad
litem fee award based on a Rule 11 "settlement agreement."

 Standard of Review 


 The attorney ad litem was appointed by the trial court to represent the
child. As part of the settlement, appellants agreed to pay "ad litem fees." As with
a fee award to a guardian ad litem, we review an award of fees to an attorney ad
litem under a standard that recognizes the trial court has discretion in determining
the amount of the award. See Gamez, 894 S.W.2d at 756 ("A reviewing court will
not overturn a fee award absent evidence showing a clear abuse of discretion."). 
An attorney fee award must be supported by evidence. Torrington Co. v. Stutzman,
46 S.W.3d 829, 852 (Tex. 2000)(attorney ad litem's fee). In reviewing the fee
award under an abuse of discretion standard, we first consider whether the trial
court had sufficient evidence on which to make a reasonable decision. See Lindsey
v. Lindsey, 965 S.W.2d 589, 592 (Tex. App.--El Paso 1998, no pet.) (Traditional
sufficiency review comes into play in abuse of discretion standard.). If the court
had sufficient information, we then consider whether the trial court made an
unreasonable or arbitrary decision based on that information. Id. 

Andersen Factors


 In determining a reasonable attorney's fee, courts consider evidence on the
following eight factors:

 (1) the time and labor required, the novelty and difficulty of the questions
involved, and the skill required to perform the legal service properly;


 (2) the likelihood . . . that the acceptance of the particular employment will
preclude other employment by the lawyer;


 (3) the fee customarily charged in the locality for similar legal services;


 (4) the amount involved and the results obtained;


 (5) the time limitations imposed by the client or by the circumstances;


 (6) the nature and length of the professional relationship with the client;


 (7) the experience, reputation, and ability of the lawyer or lawyers
performing the services; and

 

 (8) whether the fee is fixed or contingent on results obtained or uncertainty
of collection before the legal services have been rendered.


See Arthur Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 818 (Tex. 1997); see
also, generally, Garcia, 988 S.W.2d at 222 (guardian ad litem fee). 

The Fee


 The attorney ad litem presented his time sheet showing 145.25 hours of work since
his appointment in May 2002. (1) He did not divide his hours among the claims against the
six different defendants. No claim is made that the hours cannot be segregated. Some of
the hours necessarily were related to the four defendants who settled earlier, who paid, by
agreement, the attorney ad litem $41,500; some of the attorney ad litem's time is related
to the $63,770 fee assessed against appellants. Apparently, the $41,500 was an agreed
amount, not based on hours worked and not determined by the trial court. In determining
what would be a reasonable additional fee for the attorney ad litem, the trial court
apparently considered the total hours. Assuming 145.25 total hours and a total attorney
ad litem fee of $105,270 ($63,770 + 41,500), the average hourly rate would be $724.75. 

 Appellants argue they are responsible only for $2,075 in ad litem fees. In arriving
at that figure, they rely on the testimony of an expert witness and an offset of the amounts
already paid in the earlier settlement. Appellants' expert witness testified that a reasonable
hourly rate would be in the range of $225 to $300 an hour. Appellants multiply a $300
hourly fee by the 145.25 ad litem hours to come up with a total ad litem fee of $43,575.
Appellants argue that the $41,500 ad litem fees already paid by the other settling
defendants must "be factored in when determining a 'reasonable' ad litem fee." 
Subtracting the earlier $41,500 ad litem fee from a total ad litem fee of $43,575 leaves a
remainder of $2,075; this is the amount appellants say they owe to the attorney ad litem. 
Appellants urge this Court to, in effect, credit an agreed amount paid in ad litem fees by
the other defendants in connection with prior settlements. We decline to take this approach
as it does not seem consistent with the parties' Rule 11 agreement, that appellants would
pay ad litem fees related to the claims against appellants. 

 We agree, however, that the $724.75 per hour rate calculation is unsupported by
the evidence. The attorney ad litem provided no testimony as to his customary hourly rate,
nor did he say what rate he was charging in this case. While there is testimony from the
attorney for the adult plaintiffs that a $600 to $850 hourly rate would be reasonable given
the size of the settlement, appellees cite no case in which an hourly rate in that range has
been upheld. See Samco Properties, Inc. v. Cheatham, 977 S.W.2d 469, 479-81 (Tex.
App.--Houston [14th Dist.] 1998, pet. denied)(finding $780 per hour fee excessive); see
also Dalworth Trucking Co. v. Bulen, 924 S.W.2d 728, 738-39 (Tex. App.--Texarkana
1996, no writ) ($500 per hour excessive). The large amount of the settlement does not
justify, by itself, this extraordinary rate. Even if we assume the plaintiffs' attorney was
relying on the testimony of the attorney ad litem, who addressed the Andersen factors, we
see nothing in the testimony of the attorney ad litem which would make that extraordinary
rate reasonable here. 

 But a more fundamental problem exists. The $724.75 rate assumes a calculation
on which there is insufficient information. Although the attorney ad litem submitted an
itemization of the total hours on all the claims against all the defendants who were in the
case when he was appointed, he submitted no breakdown of the hours attributable
specifically to his work on the claims against appellants. Nor did he separate the work for
which he was compensated by other defendants from the work for which he sought
compensation from appellants. "Generally, when a claimant seeks to recover attorney's
fees in a case where there are multiple parties, and one or more of those parties have made
settlements, the claimant must segregate the fees owed by the remaining parties from those
owed by the settling parties so that the remaining parties are not charged fees for which
they are not responsible." Geodyne Energy Income Prod. Partnership I-E v. Newton
Corp., 97 S.W.3d 779, 789 (Tex. App.--Dallas 2003, pet. denied). Here the hours are
not segregated, and, as appellants pointed out at the fee hearing, (2) the hours include time
for which he has already been compensated by other defendants. On this record, the total
hours worked on the claims against appellants cannot be determined. As a result, under
the "time and labor" factor, the trial court had insufficient information on which to make
an award. An award of attorney's fees erroneously based on evidence of unsegregated fees
requires a remand. See Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1, 11-12 (Tex.
1991). 

Conclusion


 The attorney ad litem is not entitled to a fee for work already paid for by other
defendants. But, given the Rule 11 settlement agreement provision -- that appellants would
pay "ad litem fees as approved by the Judge" -- neither would appellants be entitled to
avoid payment for uncompensated work by the attorney ad litem on their settlement. The
hours worked on each settlement must be segregated to determine the fees appellants
agreed to pay under their settlement agreement. This information is necessary to allow the
trial court to make an award which does not provide a double recovery for the attorney ad
litem, and yet provides the attorney ad litem with the fee appellants agreed to pay him. 
 We reverse and remand for further proceedings consistent with this opinion. 


 REVERSED AND REMANDED.

 _________________________________

 DAVID B. GAULTNEY

 Justice

Submitted on September 11, 2003

Opinion Delivered January 22, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.


DISSENTING OPINION


 The majority twice notes "the settlement agreement provides for the payment by
appellants of "ad litem fees as approved by the Judge." They also note , "the order
awarding fees cites only the parties' settlement and the Rule 11 agreement as the basis for
the fee award." While they acknowledge the language of the agreement and the basis for
the trial court's ruling, the majority neither upholds the agreement nor the trial court's
ruling.

 Mr. Clayton testified, and is not controverted by any of the attorneys who signed
the Rule 11 agreement, that one purpose of having the exact wording was to avoid more
litigation over the issue because there had been hotly disputed issues and numerous alleged
misunderstandings throughout the litigation.

 Appellants began their argument to the trial judge thusly:

 Very briefly, Exhibit No. 1, which is the break down of the minimum time,
I believe is how it has been characterized. Obviously there has been no
testimony elicited, or even sought, criticizing whether or not this is accurate
or not, and I stand by that position.


Later they did argue that the majority of the time on Exhibit 1 was not focused on their
clients or had previously been compensated. Their final plea to Judge Powell was:

 But, the agreement has been approved by the Court and we're not
trying to do anything with the agreement. It's just American and
International Dairy Queen's position that we did agree at that mediation to
pay a reasonable ad litem fee. And it is our position that a $600.00 -
$850.00 an hour ad litem charge is not reasonable in this case. It is our
position that a reasonable fee would run between $200.00 and $300.00 an
hour for similar services in Orange County.


 An instructive case is one cited by the majority, Torrington Co. v. Stutzman, 46
S.W.3d 829 (Tex. 2000). (3) Here the Supreme Court held a party could by its conduct,
waive any right to complain of the ad litem fees. In Torrington, the attorney did not
complain of the lack of evidence and even suggested a fee of $25,000 would be a
reasonable and necessary fee, in the face of the plaintiff's counsel arguing for a $50,000
fee. The Supreme Court opined: "Presumably, if the trial court had accepted Torrington's
suggestion of a substantially lesser fee, Torrington would no longer object to the trial
court's decision-making procedure." Torrington, 46 S.W.3d at 852.

 What were appellants' actions in this case:

 (1) they signed the settlement agreement agreeing to pay "ad litem fees as approved
by the court", without any reservation language. 

 

 (2) it was appellants who offered Exhibit 1 into evidence.


 (3) appellants did not specifically contest Exhibit 1 on segregation of fees. 


 (4) appellants, admittedly, did not offer any evidence contradictory to Exhibit 1.


 (5) appellants offered evidence that $225 - $300 was a reasonable ad litem fee in
Orange County with $300 the fee for a complex case.


 (6) appellants did not suggest any specific reduction in the hours shown on Exhibit
1. 


 (7) appellants argued a fee of $200 - $300 per hour was a reasonable fee. 



 I would affirm the trial court based simply on the Rule 11 agreement. A deal is a
deal! Appellants agreed to pay the ad litem fee approved by the Court. Clearly this meant
the trial court, not the Court of Appeals or the Supreme Court. Reading the provision any
other way makes it meaningless. The phase did not say "ordered by the court" or
"mandated by the court." Why? It is obvious; they are required to pay the final, ordered
or mandated fee. The only fair reading of the phrase is they intended to have the trial
judge approve a fee. As it turns out, they just don't agree with the amount the court
approved. To plagiarize the Supreme Court: presumably, if the trial court had accepted
appellants' suggestion of a substantially lesser fee, appellants would no longer object to the
trial court's decision-making procedure. (4)

 Furthermore, appellants have, by their actions, previously noted, waived their right
to complain. (5)

 The trial judge was extremely qualified to make this determination. He had
personal experience in all aspects of such complex cases. He was provided with ample
evidence and was free to give whatever credibility he felt to the witnesses. Under the
calculation method of the appellants and the majority, he could have approved an ad litem
fee of $82,962 (145.25 hours x $850 - $41,500). Apparently the judge chose some amount
less than $850 or applied some discount to the hours or just did what the parties agreed he
could do - approve the ad litem fees.

 This appellate litigation is unfortunate and unnecessary. This was a multi-million
dollar suit involving highly skilled and highly competent lawyers. This court should not
rewrite the agreement, (6) but hold appellants to it and affirm the trial judge. Since we do
not, I respectfully dissent.

 __________________________

 DON BURGESS

 Justice


Dissent Delivered

January 22, 2004
1. The attorney ad litem also testified concerning post-litigation services for the
minor. The Texas Supreme Court held in Brownsville-Valley Reg'l Med. Ctr., Inc. v.
Gamez, 894 S.W.2d 753, 757 (Tex. 1994), that "a guardian ad litem may not recover fees
for services rendered after resolution of the conflict for which he or she is appointed . .
. ." "The term 'ad litem' means 'for the suit.' The representation of an ad litem is limited
to matters related to the suit for which he or she is appointed." Id. at 756 (citations
omitted). Similarly, the attorney "ad litem" representation is limited to the matters related
to the litigation for which he was appointed. 
2. Dairy Queen's attorney argued at the hearing in part as follows: "And it is
American and International Dairy Queen's position that the majority of time on Exhibit
No. 1 has already been compensated for, based on the reasonable time spent in the case." 

3. A case this court is quite familiar with.
4. I have intentionally refused to dignify appellants' suggestion that the only fee they
owe is $2,075 by even discussing it. 
5. Or at the very least are estopped to deny any amount under $43,575 (145.25 hours
x $300).
6. Under the majority's reasoning, the agreement would be: Appellants will pay costs
of court, including ad litem fees as approved by the court, unless appellants disagree with
the amount approved by the court.