# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-07-00037-CV

Mark D. Bogar, M.D., Appellant

v.

Dolores G. Esparza, Individually and as Administrator of the Estate of
Katherine G. Guerrero, Deceased; Fernando Guerrero; Sofia G. Butschy;
Gilberto Guerrero; Antonio Guerrero; Rosie G. Garza; Benito Guerrero;
Josey G. Selvera and Frances G. Faz, Appellees

FROM PROBATE COURT NO. 1 OF TRAVIS COUNTY, NO. 82,917-A,
HONORABLE GUY S. HERMAN, JUDGE PRESIDING

## DISSENTING OPINION

The supreme court in *Palacios* enunciated two holdings: (i) a trial court's decision whether to dismiss a case under this statute is reviewed for abuse of discretion and (ii) to constitute a good-faith effort to provide a fair summary of an expert's opinions, "an expert report must discuss the standard of care, breach, and causation with sufficient specificity to inform the defendant of the conduct the plaintiff has called into question and to provide a basis for the trial court to conclude that the claims have merit." *American Transitional Care Ctrs. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001) (predecessor statute). In that case, the court found that the trial court did not abuse its discretion in its ruling and reversed the court of appeals. Based upon *Palacios*, I would hold that the trial court did not abuse its discretion here.

As the reviewing court, we are admonished that a trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *See Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex. 1999). When reviewing a trial court's decision for an abuse of discretion, we recognize that such discretionary choices are left to a court's judgment, and its judgment is to be guided by sound legal principles. *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 416 (1975) (quoting *United States v. Burr*, 25 F.Cas. 30, 35 (CC Va. 1807) (Marshall, C.J.)). We may not substitute our own judgment for that of the trial court. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002). While a trial court's failure to analyze and apply the law correctly would constitute an abuse of discretion, *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992), "[t]he test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action . . . it is a question of whether the court acted without reference to any guiding rules and principles." *Downer v. Aquamarine Operators, Inc.*, 702 S.W.2d 238, 241-42 (Tex. 1985). A trial court does not abuse its discretion merely because it decides a discretionary matter differently than an appellate court would in a similar circumstance. *Id.* at 242.

The parties agree that Dr. Bogar was the physical medicine rehabilitation doctor in charge of Ms. Esparza's care; he was the only doctor named in the lawsuit. An autopsy established that Ms. Esparza, who was admitted for post-operative hip surgery rehabilitation, died of an overdose of Oxycodone and Vicodin. After a hearing, the trial court expressly found the report to be sufficient and denied the motion to dismiss.[1]

---

[1] The hospital settled and was dismissed from the lawsuit.

Although the trial court's determination is not shielded from review, we may not substitute our judgment for that of the trial court charged with a gatekeeping function in the first instance under this statute. Indeed, the trial court is charged not only with exercising its discretion in affirming or denying the motion to dismiss, but the trial court may—in its discretion—grant a 30-day extension to cure any deficiency. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(c) (West Supp. 2006). Because the trial court here found the report to be sufficient—and not deficient or "no report"—it did not consider whether to grant a discretionary extension to amend the report.

Because (i) the standard of review recognizes that there is a spectrum of decisions that are appropriate as long as the trial court does not act in an arbitrary or unreasonable manner or without reference to guiding rules and principles, and (ii) the trial court acted in accord with the supreme court's holdings in *Palacios*,[2] I would conclude that the trial court was guided by and employed sound legal principles and did not abuse its discretion. I would affirm the trial court's order.

Alternatively, because the trial court found the report to be sufficient and not deficient or "no report," I would follow this Court's precedent in *Austin Heart, P.A. v. Webb*, No. 03-06-00607-CV, 2007 Tex. App. LEXIS 3600 (Tex. App.—Austin May 9, 2007) (no pet. h.), and remand

---

[2] In *Palacios*, the court faulted the expert report for its conclusory statement that the standard of care required the hospital to have monitored Palacios more closely, restrain him more securely or done something else entirely. The court stated: "Knowing only that the expert believes that American Transitional did not take precautions to prevent the fall might be useful if American Transitional had an absolute duty to prevent falls from its hospital beds." *Palacios*, 46 S.W.3d at 880. Here, the trial court may have concluded that the standard of care was apparent and the duty clear from the report detailing the "toxic levels of oxycodone along with lethal levels of propoxyphene" which caused the death.

this cause for further proceedings to allow the trial court to exercise its discretion and determine whether a 30-day extension should be granted.[3]

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Filed:   June 28, 2007

_____

[3] The majority opines that this alternative is inconsistent with my dissent in *Austin Heart* that a remand is inappropriate where the report constitutes "no report." It is not. Here, the trial court expressly found that the report was sufficient, and not "no report." This is not a case in which the trial court made no finding. The majority has stepped into both shoes of the trial court: (i) overruling its determination that the report is sufficient and the litigation should go forward and (ii) finding the report to be not just deficient, but "no report," thus foreclosing an opportunity to cure. It is the majority who engrafted this demarcation line on the statute in *Austin Heart* that even they characterize as "elusive." I am simply constrained to follow precedent.