# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

### NO. 03-07-00037-CV

**Mark D. Bogar, M.D., Appellant**

**v.**

**Dolores G. Esparza, Individually and as Administrator of the Estate of Katherine G. Guerrero, Deceased; Fernando Guerrero; Sofia G. Butschy; Gilberto Guerrero; Antonio Guerrero; Rosie G. Garza; Benito Guerrero; Josey G. Selvera and Frances G. Faz, Appellees**

### FROM PROBATE COURT NO. 1 OF TRAVIS COUNTY, NO. 82,917-A, HONORABLE GUY S. HERMAN, JUDGE PRESIDING

## DISSENTING OPINION

Given the length of time this accelerated interlocutory appeal has been pending, I will adopt my prior dissent with an additional observation, substituting this opinion and dissenting to the denial of appellees' motion for rehearing. In *Palacios*, the supreme court held that (i) a trial court's decision whether to dismiss a case under this statute is reviewed for abuse of discretion, and (ii) to constitute a good-faith effort to provide a fair summary of an expert's opinions, "an expert report must discuss the standard of care, breach, and causation with sufficient specificity to inform the defendant of the conduct the plaintiff has called into question and to provide a basis for the trial court to conclude that the claims have merit." *American Transitional Care Ctrs. v. Palacios*, 46 S.W.3d

873, 875 (Tex. 2001) (predecessor statute). In that case, the court found that the trial court did not abuse its discretion in its ruling and reversed the court of appeals. Based upon *Palacios*, I would hold that the trial court did not abuse its discretion here. For these reasons, I respectfully dissent.

The majority has stepped into both shoes of the trial court: (i) overruling its determination that the expert report is sufficient and the litigation should go forward, and (ii) finding the report to be not just deficient, but "no report," thus foreclosing an opportunity to cure any asserted deficiency. As the reviewing court, we are admonished that a trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *See Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex. 1999). When reviewing a trial court's decision for an abuse of discretion, we recognize that such discretionary choices are left to a court's judgment, and its judgment is to be guided by sound legal principles. *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 416 (1975) (quoting *United States v. Burr*, 25 F. Cas. 30, 35 (CC Va. 1807) (Marshall, C.J.)). We may not substitute our own judgment for that of the trial court. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002). While a trial court's failure to analyze and apply the law correctly would constitute an abuse of discretion, *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992), "[t]he test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. . . . [I]t is a question of whether the court acted without reference to any guiding rules and principles." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). A trial court does not abuse its discretion merely because it decides a discretionary matter differently than an appellate court would in a similar circumstance. *Id.* at 242.

2

The parties agree that Dr. Bogar was the physical medicine rehabilitation doctor in charge of Ms. Esparza's care; he was the only doctor named in the lawsuit. An autopsy established that Ms. Esparza, who was admitted for post-operative hip surgery rehabilitation, died of an overdose of Oxycodone and Vicodin. After a hearing, the trial court expressly found the report to be sufficient and denied the motion to dismiss.[1]

The supreme court has recently held that an expert report that implicates the doctor's conduct, but fails to mention the doctor by name, is merely deficient and subject to the trial court's discretionary power to grant a 30-day extension as allowed under section 74.351(c). *See Ogletree v. Matthews*, No. 05-0502, 2007 Tex. LEXIS 1028, at *2, 14 (Tex. Nov. 30, 2007). While the majority recognizes this recent supreme court holding, it fails to apply it to an expert report that plainly implicates appellant's conduct in prescribing a lethal dose of Oxycodone and Vicodin—choosing instead to ignore the statutory discretion imparted to the trial court by the legislature. *See id.*

Although the trial court's determination is not shielded from review, we may not substitute our judgment for that of the trial court charged with a gatekeeping function in the first instance under this statute. Indeed, the trial court is charged not only with exercising its discretion in affirming or denying the motion to dismiss, but the trial court may—in its discretion—grant a 30-day extension to cure any deficiency. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(c) (West Supp. 2007). Because the trial court here found the report to be sufficient—and not deficient or "no report"—it did not consider whether to grant a discretionary extension to amend the report.

_____

[1] The hospital settled and was dismissed from the lawsuit.

I believe the trial court did not abuse its discretion in concluding that the report was sufficient. Because (i) the standard of review recognizes that there is a range of decisions that are appropriate as long as the trial court does not act in an arbitrary or unreasonable manner or without reference to guiding rules and principles, and (ii) the trial court acted in accord with the supreme court's holdings in *Palacios*,[2] I would conclude that the trial court was guided by and employed sound legal principles and properly denied the motion to dismiss. I would affirm the trial court's order.

Alternatively, because the trial court found the report to be sufficient and not deficient or "no report," I would follow this Court's precedent in *Austin Heart, P.A. v. Webb*, 228 S.W.3d 276 (Tex. App.—Austin 2007, no pet.), and remand this cause for further proceedings to allow the trial court to exercise its discretion and determine whether a 30-day extension should be granted.[3]

By cherry-picking language from the supreme court's *Ogletree* opinion to support its admitted "elusive" line between a deficient report and a "nonexistent" report, the majority overlooks the supreme court's common sense approach regarding expert reports that implicate a health

---

[2] In *Palacios*, the court faulted the expert report for its conclusory statement that the standard of care required the hospital to have monitored Palacios more closely, restrain him more securely or done something else entirely. The court stated: "Knowing only that the expert believes that American Transitional did not take precautions to prevent the fall might be useful if American Transitional had an absolute duty to prevent falls from its hospital beds." *American Transitional Care Ctrs. v. Palacios*, 46 S.W.3d 873, 880 (Tex. 2001). Here, the trial court may have concluded that the standard of care and duty were clear from the report detailing the "toxic levels of oxycodone along with lethal levels of propoxyphene" that caused the death.

[3] The majority's criticism of this approach relies on *Apodaca v. Russo*, 228 S.W.3d 252 (Tex. App.—Austin 2007, no pet.), and *Garcia v. Marichalar*, 185 S.W.3d 70 (Tex. App.—San Antonio 2005, no pet.), but those cases are distinguishable in that both involved multiple defendants, whereas here we have only one defendant—Dr. Bogar.

provider's conduct: The supreme court reasoned that "while the 2003 amendments were intended to decrease claims, they do not mandate dismissal for deficient, but curable, reports." *Ogletree*, 2007 Tex. LEXIS 1028, at *9. In finding this report "no report," we are beyond cherry-picking and into hair-splitting for which the aim is not to seek the statutory mandate nor substantial justice.

I would, therefore, grant the motion for rehearing.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Filed:   May 16, 2008

5