In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00038-CR


______________________________




ROBERT DALE REPPOND, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 8th Judicial District Court


Hopkins County, Texas


Trial Court No. 0719090




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Robert Dale Reppond, appellant, has filed with this Court a motion to dismiss his appeal. 
The motion is signed by Reppond and by his counsel in compliance with Rule 42.2(a) of the Texas
Rules of Appellate Procedure. See Tex. R. App. P. 42.2(a). As authorized by Rule 42.2, we grant
the motion. See Tex. R. App. P. 42.2.

 Accordingly, we dismiss the appeal.


 

 Bailey C. Moseley

 Justice


Date Submitted: July 28, 2008 

Date Decided: July 29, 2008


Do Not Publish





_____________________________

No. 06-03-00056-CV
______________________________


BRENDA K. JONES, Appellant
 
V.
 
ARK-LA-TEX VISITING NURSES, INC.,
d/b/a ARK-LA-TEX HOME HEALTH
AND HOSPICE CARE, Appellee


                                              

On Appeal from the 5th Judicial District Court
Bowie County, Texas
Trial Court No. 01-C-1518A-005


                                                 



Before Morriss, C.J., Ross and Hadden,* JJ.
Opinion by Justice Ross
*Roby Hadden, J., Sitting by Assignment


O P I N I O N

          Brenda K. Jones appeals from the dismissal of her medical malpractice lawsuit
against Ark-La-Tex Visiting Nurses, Inc., d/b/a Ark-La-Tex Home Health and Hospice Care
(Ark-La-Tex).


 The trial court dismissed her lawsuit because it found that the expert report
of Jonathan Walker, M.D., did not meet the requirements of or represent a good-faith effort
to comply with Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01.


 The court dismissed the case
with prejudice and ordered payment of $3,125.00 as attorney's fees to the defendant.
Background
          Jones alleged in her lawsuit she was admitted to Christus St. Michael hospital
July 27, 1999, for surgery and was subsequently discharged July 31, 1999. After her
discharge, she received home healthcare from Ark-La-Tex. She alleged that, during the
hospitalization and subsequent home healthcare, she was injured by a failure to properly
infuse fluids and drugs using an intravenous drip. Specifically, she alleged the hospital and
Ark-La-Tex were negligent by failing to "properly insert, maintain, monitor and/or change
the I.V. needle that proximately caused a right median nerve injury and neuropathy" of her
right arm. 
The Report
          In the report Jones filed, Walker states that the report is designed to give an opinion
about whether the appropriate standards of care were met by the hospital and by Ark-La-Tex, that he reviewed the records, and that he is qualified by "education, training and
experience in the same field or school of medicine as the health care providers for the
incident being reviewed." He then refers to his attached curriculum vitae and states that
he is board certified in psychiatry, neurology, and clinical neurophysiology, and that he has
extensive experience in treating chronic pain and the causes of pain. The report then goes
on to note that, while at the hospital, Jones had an I.V. in place in her right arm infusing an
antibiotic (Gentamycin) and that she at that time began and thereafter continued to exhibit
weakness of that arm, along with pain between her elbow and wrist.
          Walker states that, "The appropriate standard of care for the health care providers
when inserting and reinserting needles to allow I.V. fluids to be infused into the body is to
take care to not puncture the vein, to not infuse drugs such as Gentamycin rapidly, and to
prevent prolonged regional infusion of antibiotics such as Gentamycin." He went on to
explain that this particular antibiotic is a known neurotoxic substance and that the
prolonged use of Gentamycin, along with the release of the substance into the surrounding
tissues by the I.V., caused the nerve damage. 
Standard of Review
          Dismissal of a cause of action under Article 4590i, Section 13.01 is treated as a
sanction and is reviewed for an abuse of discretion. See Am. Transitional Care Ctrs. v.
Palacios, 46 S.W.3d 873, 877 (Tex. 2001). An abuse of discretion occurs when a trial
court acts in an arbitrary or unreasonable manner or without reference to any guiding rules
or principles. See Garcia v. Martinez, 988 S.W.2d 219, 222 (Tex. 1999). A trial court does
not abuse its discretion simply because it may decide a matter within its discretion
differently than an appellate court. Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 242 (Tex. 1985). However, a trial court has no discretion in determining what the law
is or in applying the law to the facts. Thus, "a clear failure by the trial court to analyze or
apply the law correctly will constitute an abuse of discretion, . . . ." Walker v. Packer, 827
S.W.2d 833, 840 (Tex. 1992).
          Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(d) requires a plaintiff asserting a
healthcare liability claim to submit an expert report, along with the expert's curriculum vitae,
as to each physician or healthcare provider named as a defendant in the suit, no later than
the 180th day after filing suit. See Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(d). The
Act describes an expert report as a written report providing "a fair summary of the expert's
opinions . . . regarding applicable standards of care, the manner in which the care rendered
by the physician or health care provider failed to meet the standards, and the causal
relationship between that failure and the injury, harm, or damages claimed." Tex. Rev. Civ.
Stat. Ann. art. 4590i, § 13.01(r)(6).
          If a claimant furnishes a report within the time permitted, a defendant may file a
motion challenging the report. See Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(l). The
trial court shall grant the motion only if it appears to the court, after hearing, the report does
not represent a good-faith effort to comply with the statutory definition of an expert report. 
See Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(l); Palacios, 46 S.W.3d at 877–78.
          If a report omits any of the statutory elements, it cannot be a good-faith effort. 
Palacios, 46 S.W.3d at 879. A report that merely states the expert's conclusions about the
standard of care, breach, and causation is not sufficient. Id. In determining whether the
report represents a good-faith effort, the trial court's inquiry is limited to the four corners of
the report. Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(r)(6); Palacios, 46 S.W.3d at 878.
Analysis
          Walker's report provides considerable information specifying the nature of the injury,
how Walker believes it occurred, and the specific factor that was responsible for the injury. 
The question before this Court is: Is that sufficient? 
          Ark-La-Tex contends the report is inadequate for several reasons. It points out that
the doctor was not sufficiently shown to be knowledgeable about nursing standards to
opine as an expert in that area, that the doctor did not set out a standard of care for
nurses, and that the act he concluded was the cause of the injury (administration of
Gentamycin) was not within the control of the nurses, but of the prescribing physician.
          Reviewing the four corners of the document involved, we agree. The report fails to
state Walker's qualifications to give the standard of care for nurses monitoring a patient in
a home healthcare setting. The doctor's curriculum vitae is attached to the report and
shows Walker's work and educational background. It does not on its face, however,
contain information showing he is an expert on appropriate nursing care, and it does not
contain any language purporting to set out the standard of care appropriate for nurses
taking care of a patient at home.  
          The expert report must set forth an applicable standard of care and a breach of that
standard. Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(r)(6). As this Court has recently
recognized, identifying the standard of care is critical: whether a defendant breached his
or her duty to a patient cannot be determined absent specific information about what the
defendant should have done differently. Moore v. Sutherland, 107 S.W.3d 786, 790 (Tex.
App.—Texarkana 2003, pet. denied), citing Palacios, 46 S.W.3d at 875. 
          Walker's report specifies what the expert believes should have been done differently
and why, but it does not purport to set out a standard of care that must be met by this
particular type of provider. The report does not differentiate between what the hospital did
wrong and what the nurses did wrong. A reader cannot determine from the report what
actions occurred at the hospital or what occurred at Jones' home, and it also does not state
that the nursing staff was responsible for the acts resulting in the injuries. Thus, in the
language of Palacios, it fails to "inform the defendant of the specific conduct the plaintiff
has called into question." Palacios, 46 S.W.3d at 879. 
          In the absence of this information, we conclude the trial court did not abuse its
discretion by dismissing the lawsuit for failure to provide an adequate expert's report. 
          The judgment is affirmed.
 
                                                                Donald R. Ross
                                                                Justice

Date Submitted:      January 2, 2004
Date Decided:         February 10, 2004