**Affirmed and Opinion Filed June 8, 2022**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-20-00110-CV

### PRASHANT PRABHULKAR, Appellant
### V.
### PROGRESSIVE AUTO INSURANCE, Appellee

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-03030-2018**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Partida-Kipness
Opinion by Justice Osborne

Prashant Prabhulkar, pro se, appeals the trial court's no-evidence summary

judgment dismissing his claims against Progressive Auto Insurance.[1]  Prabhulkar

raises three issues on appeal arguing: (1) the trial court erred when it excluded

evidence during the hearing on his motion for new trial; (2) the evidence is factually

insufficient to support the trial court's no-evidence summary judgment; and (3) there

is a genuine issue of material fact precluding summary judgment on his breach of

---

[1] Progressive advises this Court that Prabhulkar incorrectly refers to it as "Progressive Auto Insurance."
It states that the correct name for the company is "Progressive County Mutual Insurance Company."

contract and bad faith claims. We conclude the trial court did not err and affirm the judgment.

## I. PROCEDURAL BACKGROUND

On June 22, 2018, Prabhulkar filed his original petition against Progressive, his insurance company, alleging, in "two counts," a tort claim for bad faith or more precisely, breach of the duty of good faith and fair dealing. He did not assert any contractual claims. In its first amended answer, Progressive generally denied the claims, and it asserted a verified denial contending that certain conditions precedent had not been satisfied, special exceptions, and several affirmative defenses.

On October 3, 2019, Progressive filed a no-evidence motion for summary judgment and on October 4, 2019, Progressive sent Prabhulkar notice of the October 31, 2019 hearing. On the day of the hearing, Prabhulkar appeared and filed his response. The trial court granted Progressive's no-evidence summary judgment motion and on November 1, 2019, signed a written order to that effect. Prabhulkar filed a motion for new trial, which the trial court denied.

## II. NO-EVIDENCE SUMMARY JUDGMENT

In issues two and three, Prabhulkar argues the evidence is "factually insufficient" to support the trial court's no-evidence summary judgment against him[2] and there is a genuine issue of material fact precluding summary judgment on his

---

[2] We do not review a no-evidence summary judgment for factual sufficiency. Accordingly, we construe Prabhulkar's second issue to argue that he presented more than a scintilla of probative evidence to raise a genuine issue of material fact on the challenged elements.

breach of contract and breach of the duty of good faith and fair dealing claims. Progressive responds that Prabhulkar did not assert a claim for breach of contract or breach of the UIM/UM contract against Progressive; he asserted only a bad faith claim for violation of the duty of good faith and fair dealing. Also, Progressive contends that Prabhulkar did not file a timely response, so the trial court was required to grant its no-evidence summary judgment motion. But even if the trial court should have considered Prabhulkar's response, the trial court was not obligated to search the record for evidence and Prabhulkar failed to include competent summary judgment evidence presenting more than a scintilla of proof toward his bad faith claims because: (1) it was an unsworn pleading and does not constitute competent summary judgment evidence; (2) his alleged claim did not constitute the level of "extreme conduct" required; and (3) he offered no evidence of an injury separate and apart from non-recovery of insurance benefits.

### A. *Standard of Review*

An appellate court reviews a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). A no-evidence motion for summary judgment is improperly granted if the nonmovant presented more than a scintilla of probative evidence to raise a genuine issue of material fact on the challenged elements. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

More than a scintilla of evidence exists if the evidence "rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions." *Id.* at 601.

### *B. Applicable Law*

A party seeking a no-evidence summary judgment must assert that no evidence exists as to one or more of the essential elements of the nonmovant's claim on which the nonmovant would have the burden of proof. *See* TEX. R. CIV. P. 166a(i). Once the nonmovant specifies the elements on which there is no evidence, the burden shifts to the nonmovant to raise a fact issue on the challenged elements. *See id.*; *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).

To defeat a no-evidence motion for summary judgment, the respondent is not required to marshal his proof; his response need only point out evidence that raises a fact issue on the challenged elements. TEX. R. CIV. P. 166a, cmt.—1997; *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 207 (Tex. 2002). If he fails to do so, the trial court must grant the no-evidence summary judgment. TEX. R. CIV. P. 166a(i); *Soda v. Caney*, No. 05-10-00628-CV, 2012 WL 1996923, at *1 (Tex. App.—Dallas June 5, 2012, pet. denied) (mem. op.).

A response to a no-evidence summary-judgment motion, including any evidence opposing the motion, is due seven days before the summary-judgment hearing. TEX. R. CIV. P. 166a(c). Rule 166a(c) provides that a response must be timely filed "[e]xcept on leave of court." *Id.* Where nothing appears in the record to indicate a late filing was done with leave of court, it is presumed the trial court

–4–

did not consider it. *B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 260–62 (Tex. 2020) (per curiam). Appellate courts examine the record for an affirmative indication that the late filing was "accepted and considered." *Id.* That indication may arise from a "separate order, a recital in the summary judgment, or an oral ruling contained in the reporter's record of the summary judgment hearing." *Id.* A recital in the trial court's summary judgment order that it considered the "evidence," without any limitation, is an affirmative indication that the trial court considered the untimely filed summary judgment response. *Id.*

## C. Application of the Law to the Facts

In this case, Prabhulkar filed his response to the no-evidence motion for summary judgment on the day of the hearing without a motion for leave to file his response. During the hearing, when Prabhulkar made his appearance, he also announced that he had filed his response. Progressive objected on the basis that the response had not been filed seven days before the hearing, but the trial court did not rule on the objection. At the conclusion of the hearing, the trial court granted Progressive's no-evidence summary judgment motion. The trial court's written order specified it was based on Progressive's no-evidence summary judgment motion and the arguments of Prabhulkar and Progressive's counsel. Unlike the order at issue in *B.C.*, the summary judgment order in this case contains an explicit limitation on what was considered by the trial court. It clearly states the trial court limited its consideration to Progressive's motion for summary judgment and the

arguments of the parties. It does not state that it considered Prabhulkar's response or the "evidence." Given this limiting language and the absence of a motion or order granting Prabhulkar leave to file the late response, we must presume the trial court did not consider the response or any other evidence. *See B.C.*, 598 S.W.3d at 260–62.

Nevertheless, even if we were to consider Prabhulkar's response, it does not present more than a scintilla of probative evidence to raise a genuine issue of material fact on the challenged elements. The response does not attach any evidence and to the extent it references evidence, it states, "All necessary, related and relevant documents have been submitted by [Prabhulkar] to start the due process of claim investigation as requested by [Progressive]. It has been four months since these documents have been submitted." (Emphasis omitted.). Further, this statement suggests that Prabhulkar is referring to documents he provided to Progressive as part of the claim process, not documents filed with the trial court. In addition, the response requested that the trial court "grant [Prabhulkar's] motion for summary judgment so that both parties will make [a] genuine proactive attempt to overcome their differences outside of the court by following either a prompt due process of mediation or a fair settlement no later than 21 days from [the date of the hearing]." (Emphasis omitted.). However, Prabhulkar did not file a competing motion for summary judgment. When the trial judge asked Prabhulkar if he had any evidence to support his claims, Prabhulkar responded that he needed to print out his emails if

–6–

the trial judge wanted them. Even if the trial court considered Prabhulkar's response, the trial court was required to grant Progressive's no-evidence summary judgment motion because Prabhulkar did not present or point out any evidence that raised a fact issue on the challenged elements. *See* TEX. R. CIV. P. 166a(i).

We conclude the trial court did not err when it granted Progressive's no-evidence motion for summary judgment. Issues two and three are decided against Prabhulkar.

### III. MOTION FOR NEW TRIAL

In issue one, Prabhulkar argues the trial court erred when it denied his motion for new trial and excluded "critical evidence" presented at the hearing. Progressive responds that Prabhulkar's motion for new trial did not attach any evidence and his memorandum in support of his motion, which included new argument and attached documents not previously presented, was untimely.

### A. *Standard of Review*

The abuse-of-discretion standard applies to an appellate court's review of both a motion to reconsider a prior summary judgment and the denial of a motion for new trial. *See In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006) (per curiam) (motion for new trial); *Macy v. Waste Mgmt., Inc.*, 294 S.W.3d 638, 651 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (motion to reconsider). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex. 1999).

## B. Applicable Law

Texas Rule of Civil Procedure 329b references the timing of motions for new trial and motions to modify, correct, or reform a judgment. *See* TEX. R. CIV. P. 329b. It provides that "[o]ne or more amended motions for new trial may be filed without leave of court before any preceding motion for new trial filed by the movant is overruled and within thirty days after the judgment or other order complained of is signed." *Id.* 329b(b).

A party seeking a new trial on grounds of newly-discovered evidence must demonstrate to the trial court that: (1) the evidence has come to his knowledge since the trial, (2) his failure to discover the evidence sooner was not due to lack of diligence, (3) the evidence is not cumulative, and (4) the evidence is so material it would probably produce a different result if a new trial were granted. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010).

## C. Application of the Law to the Facts

On November 1, 2019, the trial judge signed the no-evidence summary judgment order. On November 26, 2019, Prabhulkar timely filed his motion for new trial which appears to be a form that he completed, arguing in part:

2.      A new trial should be granted because:

. . . .

[T]he evidence is legally and factually insufficient to support [the trial court's] judgment. Specifically, the evidence is legally and factually insufficient to support [the trial court's] judgment based on the following [] findings of fact . . .:

(1)    [Progressive's] non-evidence Motion of [sic] Summary Judgment has very inaccurate assessment + convenient interpretation of the facts that [Prabhulkar] experienced and which he stated in Original Complaint, for [its] advantage & benefit.

(2)    There was no case pending in AR courts, when no evidence motion of [sic] Summary Judgment was filed by [Progressive], & that if continues [sic] to happen, then advise [sic] from the court to transfer venue to Arkansas to minimise [sic] inconvenience.

(3) [Prabhulkar] had set two motions for hearing prior to [Progressive] set [sic] [its] motion, with the intent to get the due process streamlined in order to resolve the UIM claim in a fair + transparent manner for both parties, following submission of required, related documents.

. . . .

Other reason not listed above: [Prabhulkar] had tentative plan to go to India after he missed the earlier planned visit in June, [sic] 2019 (which was conveyed to [Progressive's] counsel in person in May 2019.)  He had to go to overseas visit [sic] on a short notice to all the parties, due to an emergency in his hometown on August 19.  After coming back from [sic] US in 1st week of October, due to jet lag, it took almost a week for him to review [Progressive's] motion, which was inserted prior to Prabhulkar's alread[y] set motions for hearing.  Thus, he couldn't find enough time to respond in a timely manner and thus his intent did not get conveyed.

. . . .

4.     [Prabhulkar] has a meritorious defense to the cause of action alleged in this case.  He will also submit appropriate evidence before the hearing date.

5.     The granting of a new trial would not injure Progressive Auto Insurance.

Prabhulkar's motion for new trial did not attach any evidence.  On December 16, 2019, Progressive filed its response to the motion.  Then, on December 18, 2019, on

the day of the hearing and forty-seven days after the trial court signed the no-evidence summary judgment, Prabhulkar filed his memorandum in support of his motion for new trial that referred to claims for breach of contract or breach of the UIM/UM contract, which were not asserted in his petition, and attached six exhibits, which appear to be the emails he had referenced to the trial court during the summary-judgment hearing. After the hearing, the trial court signed an order denying the motion.

The trial court's written order denying the motion states it was based on Prabhulkar's motion for new trial and the arguments of counsel. Even if Prabhulkar's exhibits were properly before the trial court, Prabhulkar does not argue, either in his motion for new trial, his memorandum, or his appellate brief, that the evidence attached to his memorandum was newly discovered or could not have been discovered through due diligence before the trial court's summary-judgment ruling. In fact, the documents appear to be the emails that he referenced during the summary-judgment hearing. Nevertheless, despite Prabhulkar's contention that the trial court excluded his evidence during the hearing on his motion for new trial, the record shows the trial court stated that "[h]aving review[ed] all of these documents in regards to this case, I do at this time find that [Prabhulkar's] motion for new trial is denied." The trial court also stated that Prabhulkar had not met the standards for a new trial and he did not have a meritorious claim based on the filings. In addition, the arguments made in Prabhulkar's motion for new trial and his memorandum in

support of that motion do not raise any issues beyond those we have already considered in determining the merits of the trial court's no-evidence summary judgment. Accordingly, we conclude Prabhulkar has not shown the trial court abused its discretion when it denied his motion for new trial.

Issue one is decided against Prabhulkar.

## IV. CONCLUSION

Having overruled all of Prabhulkar's issues, we affirm the trial court's judgment.

200110f.p05

/Leslie Osborne//
LESLIE OSBORNE
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

PRASHANT PRABHULKAR,
Appellant

No. 05-20-00110-CV       V.

PROGRESSIVE AUTO
INSURANCE, Appellee

On Appeal from the 366th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 366-03030-
2018.
Opinion delivered by Justice
Osborne. Justices Schenck and
Partida-Kipness participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee PROGRESSIVE AUTO INSURANCE recover its costs of this appeal from appellant PRASHANT PRABHULKAR.

Judgment entered this 8th day of June 2022.