NUMBER 13-07-00604-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


ARMANDO MONCADO, M.D., Appellant,


v.
 


MARGARITO TRUJILLO, Appellee.

 


On appeal from the County Court at Law No. 6.


 of Hidalgo County, Texas.

 


O P I N I O N



Before Chief Justice Valdez and Justices Garza and Benavides


Opinion by Chief Justice Valdez



 Appellant Armado Moncado, M.D., appeals from the trial court's denial of his motion
to dismiss due to the failure of appellee Margarito Trujillo to file a timely expert report under
section 74.351 of the civil practice and remedies code. (1) See Tex. Civ. Prac. & Rem. Code
Ann. § 74.351 (Vernon Supp. 2007). By a single issue, Moncado contends that the trial
court erred in denying his dismissal motion when it had sustained his objections to Trujillo's
only expert report. We affirm the interlocutory order and remand for further proceedings.

I. Background

 In February 2005, Trujillo underwent aortocoronary bypass surgery at Doctors
Hospital at Renaissance in McAllen, Texas. Trujillo developed a hematoma in his right
wrist as an alleged result of the anesthesiologist's placement of an arterial line before the
surgery. Moncado, a plastic and hand surgeon, evaluated Trujillo's right wrist and did not
recommend surgical intervention; instead, he concluded that the problem would resolve
itself. Trujillo's right wrist and hand, however, eventually needed evacuation of the
hematoma and carpal tunnel decompression surgery.

 On April 4, 2007, Trujillo sued Doctors Hospital, Moncado, and the anesthesiologist
asserting health care liability claims. On May 31, 2007, Trujillo produced a medical report
by Michael Staschak, M.D., that did not name Moncado at all. On June 20, 2007,
Moncado filed objections to Staschak's qualifications under section 74.401 of the civil
practice and remedies code and moved to strike the entire report. See id. § 74.401
(Vernon 2005). On July 30, 2007, Moncado filed a motion to dismiss Trujillo's suit on the
grounds that Staschak's report constituted "no report." Moncado argued that under section
74.351 of the civil practice and remedies code, Trujillo had until August 2, 2007, to file a
satisfactory report and that if he did not file one by then, the trial court was obligated to
dismiss Trujillo's claims and award Moncado attorney's fees. (2) See id. § 74.351(b). A
hearing was held on Moncado's motions on August 9, 2007. At the hearing, Trujillo asked
the court for a thirty-day extension of time to file an adequate report, should the trial court
find his current report deficient. On August 30, the trial court issued an order granting
Moncado's objections to Staschak's report but denying the dismissal motion. On
September 7, 2007, Trujillo filed an amended report by Staschak. This interlocutory appeal
ensued. See id. § 51.014(a)(9) (Vernon Supp. 2007). 

II. Discussion

 On appeal, Moncado argues that because the trial court granted his objections
to Staschak's report, it was required to dismiss Trujillo's health care liability claims for
failure to timely provide an expert medical report. We disagree. 

A. Standard of Review

 We review a trial court's decision on a section 74.351(b) motion to dismiss for abuse
of discretion. See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873,
875 (Tex. 2001); Gray v. CHCA Bayshore L.P., 189 S.W.3d 855, 858 (Tex. App.-Houston
[1st Dist.] 2006, no pet.). A trial court abuses its discretion if it acts in an arbitrary or
unreasonable manner without reference to guiding rules or principles. See Garcia v.
Martinez, 988 S.W.2d 219, 222 (Tex. 1999). When reviewing matters committed to the trial
court's discretion, we may not substitute our own judgment for that of the trial court. Bowie
Mem'l Hosp. v. Wright, 79 S.W.3d 48, 52 (Tex. 2002). A trial court does not abuse its
discretion merely because it decides a discretionary matter differently than an appellate
court would in a similar circumstance. Gray, 189 S.W.3d at 858. However, a trial court has
no discretion in determining what the law is or in applying the law to the facts. Walker v.
Packer, 827 S.W.2d 833, 840 (Tex. 1992); Baylor Univ. Med. Ctr. v. Biggs, 237 S.W.3d
909, 916 (Tex. App.-Dallas 2007, pet. denied).

B. Applicable Law and Analysis

 Trujillo filed his original petition on April 4, 2007. Under section 74.351(a), Trujillo
had until August 2, 2007 to serve an adequate report. See Tex. Civ. Prac. & Rem. Code
Ann. § 74.351(a). An adequate report must specify each individual defendant's negligent
conduct. See Palacios, 46 S.W.3d at 879; Taylor v. Christus Spohn Health Sys. Corp., 169
S.W.3d 241, 245-46 (Tex. App.-Corpus Christi 2004, no pet.) (holding that a trial court did
not abuse its discretion in finding that an expert report that grouped defendants together
was inadequate). Furthermore, the expert report statute provides:

If, as to a defendant physician or health care provider, an expert report has
not been served within the period specified by Subsection (a), the court, on
the motion of the affected physician or health care provider, shall, subject to
Subsection (c), enter an order that:


 (1) awards to the affected physician or health care provider
reasonable attorney's fees and costs of court incurred by the physician or
health care provider; and


 (2) dismisses the claim with respect to the physician or health care
provider, with prejudice to the refiling of the claim.


See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b) (Vernon Supp. 2007). Staschak's
report, which does not mention Moncado, was found inadequate by the trial court. The trial
court's order reads:

 BE IT REMEMBERED that on the 9th day of August, 2007, came on
to be considered Defendant ARMANDO MONCADO, M.D. Objections to
Expert Report and Motion to Dismiss, and this Court, after consideration of
same and argument of counsel, is of the opinion that such objections have
merit, but that the Motion to Dismiss should be denied.


 IT IS, ACCORDINGLY, ORDERED that Defendant's Moncada's [sic]
Objections to the expert report of Dr. Staschack are hereby GRANTED, and
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Motion
to Dismiss filed by the Defendant herein is hereby DENIED.


 A review of the reporter's record from the August 9 hearing reveals that Trujillo
contended that the report was adequate, but, if it was found inadequate, then he could
have thirty days to cure any deficiency. The trial court took the matter under advisement,
and it issued its order on August 30. Trujillo filed an amended report on September 7,
2007. Moncado posits that the sole issue is whether the trial court abused its discretion
by not dismissing Trujillo's claim after it had sustained Moncado's objections to Staschak's
report. Moncado does not explain, however, why the trial court did not dismiss Trujillo's
claim and why Trujillo filed a new expert report within thirty days of the trial court's order. 
See id. § 74.351(c) (providing that a trial court may grant one thirty-day extension for a
health care liability claimant to cure any deficiencies in her expert report). 

 It could be that the trial court implicitly granted Trujillo a thirty-day extension by not
dismissing his claim despite ruling that Staschak's report was inadequate. See id.; see
also, Watkins v. Jones, 192 S.W.3d 672, 675 (Tex. App.-Corpus Christi 2006, orig.
proceeding) (applying mandamus standard of review to an original proceeding relating to
an expert medical report and holding that a trial court may implicitly grant an extension). 
Based upon the record before us, Moncado has not established that the trial court abused
its discretion. Accordingly, Moncado's sole issue is overruled.III. Conclusion

 The trial court's interlocutory order is affirmed and the case is remanded back to the
trial court so that it can consider Staschak's amended report.


 _______________________

 ROGELIO VALDEZ

 Chief Justice


Opinion delivered and filed 

this the 21st day of August, 2008.
1. Trujillo has not filed an appellee's brief. 
2. Section 74.351(a) of the civil practice and remedies code provides that:


In a health care liability claim, a claimant shall, not later than the 120th day after the date the
original petition was filed, serve on each party or the party's attorney one or more expert
reports, with a curriculum vitae of each expert listed in the report for each physician or health
care provider against whom a liability claim is asserted. The date for serving the report may
be extended by written agreement of the affected parties. Each defendant physician or
health care provider whose conduct is implicated in a report must file and serve any objection
to the sufficiency of the report not later than the 21st day after the date it was served, failing
which all objections are waived.


Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (Vernon Supp. 2007).